INHABITANTS OF ESSEX vs. FRANCIS A. BROOKS, executor.

Suffolk.    January 22, 1895. — June 21, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Contract to recover a Legacy — Jurisdiction — Probate Court — Statute — Collateral Legacies and Successions — Exemption of Charitable Societies.*

The jurisdiction of the Probate Court to determine all questions in relation to a tax that may arise affecting any devise, legacy, or inheritance, under St. 1891, c. 425, entitled " An Act imposing a tax on collateral legacies and successions," is not exclusive, and does not take away the right of a legatee to sue at common law in the Superior Court for his legacy.

A legacy to a town which contemplates the establishment and maintenance of a free public library for the use of the inhabitants of the town, and the erection of a library building and town hall, comes within the exemption of § 1 of St. 1891, c. 425, entitled " An Act imposing a tax on collateral legacies and successions," and is not subject to be taxed thereunder.

CONTRACT, against the executor of the will of Thomas O. H. P. Burnham, to recover a legacy. Writ dated September 12, 1893.

The first count of the declaration alleged that Burnham died on November 13, 1891; that in his will he gave to the town of Essex the sum of " twenty thousand dollars for the erection of a town hall and library for the use of its inhabitants " ; that the defendant as such executor had in his hands ample funds for the payment of all debts due from the estate of Burnham, all charges of administration, and all bequests and devises ; that the defendant as such executor had paid the plaintiff the sum of nineteen thousand dollars on account of said bequest, the same having been paid December 8, 1892, but denied his liability or obligation to pay the remaining one thousand dollars of said bequest, and the right of the plaintiff to receive said one thousand dollars, and without right retained said one thousand dollars in his hands, and, though due demand had been made therefor of him by the plaintiff, had refused and neglected, and still refused and neglected, to pay the same to the plaintiff; and that the defendant, as such executor, owed the plaintiff on account of said legacy said sum of one thousand dollars, with interest on said one thousand dollars from November 13, 1892,

and on said nineteen thousand dollars from November 13, 1892, to December 8, 1892.

The allegations in the second count were identical with those in the first count, except that the plaintiff declared on another provision of the will giving to the plaintiff town " the further sum of twenty thousand dollars in trust, to invest and keep invested in some safe security, the income whereof shall annually be expended by the officers of said town, for the purchase of books for said library for the free use of its inhabitants."

The defendant demurred to the declaration, assigning as ground therefor that he was required by St. 1891, c. 425, entitled " An Act imposing a tax on collateral legacies and successions," to withhold from the defendant and pay to the Treasurer of the Commonwealth five per cent of the bequests mentioned in said counts as a tax thereon, for the use of the Commonwealth, said five per cent being the two sums of one thousand dollars each retained by the defendant as set forth therein, to be by him paid over to the Treasurer of the Commonwealth.

The Superior Court having overruled the demurrer, the executor addressed a petition to that court, upon which a citation was issued, dated February 1, 1894, summoning in the Treasurer of the Commonwealth under the provisions of St. 1886, c. 281, entitled " An Act to permit a defendant in an action at law to require adverse parties claiming funds in his hands to interplead." The Treasurer at first objected to being made a party, but afterwards withdrew his objection, and a hearing was had on the petition, and it was dismissed by *Mason*, C. J., on February 13, 1894. No appeal or exception was taken to the overruling of the demurrer or the dismissing of the petition.

Thereupon the defendant filed an answer, which contained the following allegations : " And the defendant says he has paid over to the plaintiff ninety-five per cent of the amount of said legacies, or the sum of thirty-eight thousand dollars, December 8, 1892, and has reserved and retained five per cent thereof, or the sum of two thousand dollars, to enable him to comply with the provisions of St. 1891, c. 425, under the impression and belief that he is by said act required to deduct five per cent from the amount of said legacies as a tax thereon imposed by the

State, and is required to pay over said five per cent to the Treasurer of the Commonwealth as and for such tax, and that he became personally liable to said Treasurer as soon as he paid over to the town of Essex ninety-five per cent of the amount of said legacies as aforesaid, and still remains liable therefor to said State Treasurer, and liable to be sued therefor by him. And the defendant says he is advised and believes that it is provided in and by the fourteenth and sixteenth sections of said act that the Probate Court ' shall have jurisdiction to hear and determine ' all questions arising in relation to the tax of five per cent imposed upon collateral legacies and successions as aforesaid, and especially in relation to the liability and duty of this defendant, as executor, to reserve the said sum of five per cent on said legacies and pay over the same to the State Treasurer, and that it is necessary that the Probate Court shall pass upon this question of his tax liability as preliminary to any settlement or adjustment of his accounts as such executor; and that for this reason this Court has no rightful jurisdiction of this action of the inhabitants of the town of Essex against this defendant, but that the exclusive original jurisdiction for the determination of the cause of action set up in the plaintiff's declaration is in the Probate Court of the county of Suffolk."

The Chief Justice found for the plaintiff, and assessed damages in the sum of two thousand two hundred and twenty-six dollars; and the defendant alleged exceptions which recited, among other things, that the defendant " contended that the determination of this question as a question of law had been conferred upon said Probate Court of the county of Suffolk, where the testatator resided, and that no settlement of the defendant's accounts, as such executor, could be made in that court until this question should have been passed upon by said Probate Court. It appeared that the defendant has made application to said Probate Court for the determination of the question of the liability of said executor to the Treasurer of the Commonwealth, as provided by said act, and that the Probate Court had declined to pass upon said question by reason of the pendency of this action in this court."

*A. S. Hall,* for the defendant.

*H. Wardwell,* (*F. C. Richardson* with him,) for the plaintiff.

MORTON, J. The defendant raises a preliminary question of jurisdiction. He contends that the Probate Court has sole jurisdiction, subject to appeal to this court, of the question whether the legacies are subject to a tax under St. 1891, c. 425. He bases this contention on the provisions of § 14 of that act, which are as follows: "The Probate Court having jurisdiction of the settlement of the estate of the decedent, shall have jurisdiction to hear and determine all questions in relation to said tax that may arise affecting any devise, legacy, or inheritance under this act, subject to appeal as in other cases, and the Treasurer of the Commonwealth shall represent the interests of the Commonwealth in any such proceedings." We do not so construe the statute. By Pub. Sts. c. 136, § 19, it is provided that "every legatee may recover his legacy in an action at common law." There is nothing in St. 1891, c. 425, which expressly or by implication repeals that provision. The only effect of § 14 is to confer upon the Probate Court in which the estate of a decedent is in the process of settlement jurisdiction to hear and determine any question that may arise relating to any devise, legacy, or inheritance under the act, but does not take away the right of the legatee to sue at common law in the Superior Court, and have the question heard and determined there whether the legacy is subject to a tax. The executor had an opportunity to try the question in the Probate Court, and, not having availed himself of that opportunity, he cannot now object that the Superior Court had no jurisdiction, or insist that its judgment will not avail him in the settlement of his accounts in the Probate Court.

Upon the petition of the executor a citation was issued by the Superior Court summoning in the Treasurer of the Commonwealth, after a hearing upon and overruling of the defendant's demurrer. The Treasurer at first objected to being made a party, but afterwards withdrew his objection, and a hearing was had on the petition, and it was dismissed. No appeal or exception was taken to the overruling of the demurrer or dismissing of the petition, and the question is not therefore before us whether the ruling denying the petition was correct. It is said, and it appears inferentially perhaps from the papers, that the time has gone by within which the Treasurer could bring suit to recover

the tax, and we proceed to consider the main question, which is whether the legacies are exempt from taxation.

By St. 1891, c. 425, § 1, all property within the Commonwealth which shall pass by will or by intestate succession, or by deed, grant, sale, or gift to take effect after the death of the grantor, " other than to or for the use of the father, mother, husband, wife, lineal descendant, brother, sister, adopted child, the lineal descendant of any adopted child, the wife or widow of a son or the husband of a daughter of a decedent, or to or for charitable, educational, or religious societies or institutions, the property of which is exempt by law from taxation, shall be subject to a tax of five per centum of its value, for the use of the Commonwealth." By the will in question the testator gave to the town of Essex, first, " twenty thousand dollars for the erection of a town hall and library for the use of its inhabitants " ; then by a subsequent provision he gave " the further sum of twenty thousand dollars, in trust to invest and keep invested in some safe security, the income whereof shall annually be expended by the officers of said town for the purchase of books for said library for the free use of its inhabitants." The two provisions taken together contemplate the establishment and maintenance by the town, with the sums thus bequeathed, of a free public library for the use of the inhabitants of the town, and the erection of a library building and town hall. We think that the library thus established may fairly be called an educational or charitable institution, and that the legacies being given to the town for it come within the exemption of the statute, and are not subject to the tax. *Drury* v. *Natick*, 10 Allen, 169. *Williston Seminary* v. *County Commissioners*, 147 Mass. 427.

*Exceptions overruled.*