In the Matter of the Estate of GRACE R. SPANGLER, Deceased.

**Taxation:** CHARITABLE · BEQUESTS : EXEMPTION. A devise of the use, rents and profits of certain lands in perpetuity to the dependent ·poor of a specified county who are maintained wholly or in part by the county, and constituting the board of supervisors of said county trustees to receive and carry the trust into ˙effect, is a

charitable gift to the county as a charitable institution, and is
exempt from the inheritance tax.

*Appeal from Delaware District Court.*—HON. CHAS. E.
RANSIER, Judge.

WEDNESDAY, SEPTEMBER 21; 1910.

THE opinion states the case. *Affirmed* in part and
*reversed* in part.

*H. W. Byers,* Attorney General, *George M. Cosson,*
Assistant Attorney General, and *A. M. Cloud,* County At-
torney, for appellant.

*Yoran & Yoran,* for appellee.

WEAVER, J.—Grace R. Spangler, a resident of Del-
aware County, Iowa, died testate seized of certain lands
in said county. Among the devises contained in said will
was one of the use, rents, and profits of a certain described
tract of land "in perpetuity to the dependent poor persons
of Delaware County who are maintained wholly or in part
at the expense of said county," and constituting the board
of supervisors of said county trustees "to receive and carry
into effect the trust for the benefit of said named bene-
ficiaries." After reciting certain conditions relative to the
management and execution of the trust, the will provides
that, in the event said board of supervisors shall refuse
to accept and enter upon the discharge of this trust, or
having assumed said trust shall thereafter at any time
refuse to longer execute the same, "then and in that event
I give, devise and bequeath the equal one-half thereof to
my legal heirs then living and the other equal one-half
thereof to the legal heirs of my deceased husband, H. C.
Spangler." After the will had been duly probated and

a claim having been made that the property in question was subject to a collateral inheritance tax, an appraisement thereof was ordered and the appraisers reported its valuation at $9,600. The executor of the will resisted such taxation on the theory that the gift, being to charitable uses, was not taxable. The trial court overruled the objection, and held the property to be taxable, but ordered a reappraisement thereof. The court appears to have taken the view that the gift to the dependent poor was at most a gift of defeasible or uncertain estate liable to be terminated at any time by the act of the supervisors in surrendering or abandoning said trust, or by their neglect to carry out the terms thereof, and that the appraisement of the value of said interest should be made with due reference to such fact. On reappraisement, the commission reported the value of the interest devised to the dependent poor at $4,000. To this report the Treasurer of State made objection on account of various alleged defects in the proceedings, and because the valuation reported was not made fairly or in good faith, and was not the full and true value of the property. The executor also objected thereto on the ground the property to be devised was not liable to a collateral inheritance tax. Both objections were overruled, and the appraisement approved and a tax of $200 was levied on the property. Both parties have taken an appeal, but the State Treasurer, having been first to perfect it, will appear in the record as appellant and the executor as appellee.

We give first consideration to the inquiry whether the gift in question is within the scope and meaning of the statute which exempts from the inheritance tax, devises and bequests to or for "charitable . . . societies and institutions," for, if the appellee is right in contending that this question must be answered in the affirmative, then all other propositions discussed by counsel may be ignored

as immaterial. Stated in brief and ordinary terms, the testator has created a trust in the county of Delaware or the executive board through which it exercises its legal powers, which trust is to be administered for the benefit and relief of the dependent poor who have become the recipients of public charity at the hands of said county. That this is a charitable gift is so clear as to be beyond dispute and the appellant does not contend otherwise, but counsel say that neither the county nor its executive board is a charitable society or institution and therefore the exemption is not applicable. If the statute had limited the exemption to societies and institutions having no other purpose or function than works of benevolence and charity, we might be forced to sustain the point thus raised and order a reversal upon the Treasurer's appeal. But, if the construction is not to be thus narrowed and any society or institution is within the terms of the law "charitable" when by the law of its organization or by usage it is charged with the duty of providing and administering charitable relief even though it has and exercises other functions of a totally different character, then in our judgment the gift in question is not taxable. That the law in this respect is to be liberally construed to promote the benevolent purpose of the exemption has already been held by this court in *Morrow v. Smith,* 145 Iowa, 514. The theory and purpose of the statute and its applicability to institutions which provide for and administer charitable relief although not devoted exclusively to such work, is there quite fully considered, and we need not here repeat or enlarge upon the discussion. Under the law of this state each county acting through its board of supervisors is expressly charged with the duty of relieving the necessities of destitute persons and the several counties are required or authorized to provide farms, homes, hospitals, and other appropriate places and institutions in which and by means of which

these unfortunate ones are supplied with the necessities of life.   Code, sections 422, 2216-2252.   The county, being thus charged with the duty of relieving and supporting the poor, is to that extent a charitable organization, and a gift made specifically in aid of this feature of its work is to all reasonable intents and purposes a gift to or for a charitable institution.   As aptly fitting the case here presented, we quote from *Morrow v. Smith, supra,* the following: "Inasmuch as the Legislature did not see fit to restrict the term 'charitable institutions,' we would not be justified in placing such restrictions upon it unless such restriction inheres in the legal meaning of the term or unless such interpretation be necessary to harmonize this with other provisions of the statute or to save its validity for constitutional or other reasons.   This provision as it is conflicts with no other.   It is neither inconsistent nor unreasonable.   We are constrained, therefore, to hold that the defendant in its relation to this devise is a 'charitable institution' within the meaning of the collateral inheritance statute."

Such being our conclusion, there is no occasion for prolonging this opinion.   It follows that the decree below must be affirmed on the Treasurer's appeal and reversed upon the appeal of the executor of the will.   Cause will be remanded to the district court for decree in harmony with the views here expressed.

*Affirmed* in part and *reversed* in part.