[No. 16862. Department Two. February 24, 1922.]

*In the Matter of the Estate of* John E. Maynes.

The City of Philadelphia *et al., Respondents,* v. The State of Washington, *Appellant.*[1]

Taxation (229)—Inheritance Taxes—Exemptions—Bequests for Charitable Purposes—Statutes—Construction. A bequest for the establishment of a fund for "furnishing fuel in winter time to needy poor families" is one for a charitable purpose within Rem. Code, § 9199 as amended by Laws 1917, p. 597, defining the relief of "poor people" as a charitable purpose, and thus exempt under that statute from the levy of an inheritance tax.

Charities—Bequest to Municipality. A bequest to a municipality of another state as trustee merely, for a charitable purpose, is a valid one, where there is nothing in its charter denying it power to act in such capacity.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered April 30, 1921, in favor of the plaintiff in probate proceedings, adjudging a bequest to be exempt from the payment of an inheritance tax, after a hearing before the court. Affirmed.

*The Attorney General* and *Geo. G. Hannan, Assistant,* for appellant.

*E. R. York,* for respondent.

Hovey, J.—This is an appeal by the state from a judgment exempting a bequest from inheritance tax.

[1]Reported in 204 Pac. 596.

Certain real estate in this state belonged to John Maynes, who was a resident of the city of Philadelphia and died there, leaving a will under which the city of Philadelphia was made residuary legatee under the following clause:

"All the balance or remainder absolutely and in fee simple unto the City of Philadelphia, in Trust, nevertheless, for the establishment of a fund, the income of which shall be applied to furnishing fuel in winter time to needy poor families, and I express the wish that no part of the income shall be expended as I have directed but shall be added to the principal until the entire capital and income shall make a total capital sum aggregating Two Hundred Thousand Dollars."

By codicil it was directed that the capital sum should be increased to $250,000. All legacies and charges against the estate have been taken care of out of other property and the property in this state falls wholly within this clause. The real estate has been sold under powers contained in the will, and the proceeds, amounting to $15,711, are in the hands of E. R. York, as administrator with the will annexed, and have been ordered distributed to the residuary legatee.

Section 9199, Rem. Code, as amended by Laws of 1917, p. 597, is as follows:

"All bequests and devises of property within this state when the same is for one of the following charitable purposes, namely, the relief of the aged, indigent and poor people, maintenance of sick or maimed, the support or education of orphans or indigent children, *and all bequests and devises heretofore made to the State of Washington or to any county, city, school district or other municipal corporation therein for eleemosynary, charitable, educational or philanthropic purposes* shall be exempt from the payment of any inheritance tax, and any property in this state which has been devised or bequeathed for such purposes and upon which a state inheritance tax is claimed or is ow-

ing is hereby declared to be exempt from the payment for such tax, and the same is hereby remitted."

The law as enacted in 1905 (Laws of 1905, p. 199) did not contain the portion italicized above, and this was added by the amendment of 1917.

It is contended by the state that our statute does not exempt this bequest for the reason that it is not a charitable purpose, but it seems to us quite plain that it comes within the words "poor people."

It is next contended that, because of the exemption in favor of the municipalities within this state, the exemption will not apply in favor of a municipal corporation without the state. But this bequest is to the municipal corporation as trustee merely, and it is not necessary to pass upon the effect to be given to the amendment of the statute. It is a well recognized principle that bequests may be made to municipal corporations for charitable purposes unless there is something in the charter forbidding them to receive, and none is shown in this case. 11 C. J. 334. But, on the other hand, it is alleged in the petition that the power is possessed, and this fact is not denied in the answer of the state.

In our opinion, this bequest is clearly exempted from the tax by the provisions of our statute, and the judgment appealed from is affirmed.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.