THE FIRST NATIONAL BANK OF BOSTON & others, administrators, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Essex.    November 19, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Tax,* On succession.

If, in the assessment of a succession tax under St. 1916, c. 268, § 1, upon an interest passing upon the death of an inhabitant of this Commonwealth, an allowance was made by reason of a Federal estate tax which had to be paid under the Federal revenue act of 1918, and, after the payment of the tax, the Federal government, by reason of the Federal revenue act of 1921, paid back to the estate some of the taxes which it previously had assessed and which had been paid to it, the commissioner of corporations and taxation did not have authority to assess a further succession tax as upon "subsequently disclosed assets."

PETITION, filed in the Probate Court for the county of Essex on February 11, 1925, for the abatement and repayment of a succession tax paid under protest.

The case was submitted to *Dow,* J., upon a case stated

and was reserved and reported by him to this court for determination.

*L. M. Lombard,* for the petitioners.

*M. F. Weston,* Assistant Attorney General, for the respondent.

PIERCE, J.   The case comes to this court by report and reservation from the Probate Court upon a case stated, which, it was agreed by the parties, contains all the ultimate material facts.   The judge of probate found "In so far as it is my duty and within my power to do so . . . the facts to be as stated in the case stated."

The pertinent facts are as follows: "Edward H. Winslow . . . died September 13, 1918, leaving as part of his estate assets consisting of his distributive share of the estate of Sidney W. Winslow, who died subsequent to September 13, 1913. . . . Said assets . . . had been taxed by the Federal government under the provisions of the Federal revenue act in force at the time of the death of said Sidney W. Winslow, but in the Federal act of 1918, no provision was included whereby a credit for said estate previously taxed within five years, could be given in computing the Federal estate tax on the estate of said Edward H. Winslow, so that a Federal estate tax amounting to $34,159.80 was imposed upon the estate of Edward H. Winslow and was paid."   In computing the legacy and succession tax due the Commonwealth of Massachusetts upon the estate of Edward H. Winslow, the commissioner of corporations and taxation deducted the amount of the Federal tax, $34,159.80, which had been paid.   An amendment to the Federal revenue act, approved November 23, 1921, § 403 (a) (2); 42 U. S. Sts. at Large, 279, provided that one of the deductions from the gross estate of a decedent in arriving at the net estate for estate tax purposes, should be, in substance, an amount equal to the value of any property received by the decedent within five years prior to the death of the decedent by gift, bequest, devise or inheritance from a prior decedent in whose estate the property had already been the subject of a Federal estate tax and that tax had been paid by or on behalf of the estate of the prior decedent.   The act provided that "This

deduction shall be made in case of the estates of all decedents who have died since September 8, 1916." As a consequence of this act, the estate of Edward H. Winslow received from the Federal government on October 5, 1923, a payment of $18,511.11, and on April 25, 1924, an additional payment of $5,703.63. On these sums the commissioner claimed the right to assess additional inheritance taxes upon the estate of Edward H. Winslow as upon "subsequently disclosed assets," and assessed upon the total sum, $24,214.74, thus receiving an additional legacy and succession tax. This tax was paid, and the petitioners as administrators of the estate of Edward H. Winslow have brought this petition to receive back these additional assessments.

The question intended to be presented by the case is shown by the closing words of the report, which are as follows: "Said additional assessments were based upon the said repayments by the United States, and are correct in amount and otherwise valid, provided that upon the facts disclosed by this case stated, which contains all the ultimate material facts, it was lawful for the respondent to assess and collect any legacy and succession tax upon said estate, and upon petitioners as administrators thereof, by reason of their having received from the United States the aforesaid repayments, and by reason of the sums thus repaid passing by intestate succession in the estate of the said Edward H. Winslow."

St. 1916, c. 268, § 1, in force at the death of Edward H. Winslow, provides: "All property within the jurisdiction of the Commonwealth . . . belonging to inhabitants of the Commonwealth . . . which shall pass by will, or by the laws regulating intestate succession, or by deed, grant or gift . . . shall be subject to a tax . . ." The tax is imposed not on the property but upon the right to receive property by reason of the death of the testator or donor. It is not a property tax but an excise upon the transmission of property. *Pratt* v. *Dean*, 246 Mass. 300, 308. The inheritance tax is not applicable where the property or interest therein passes independently of the death of the decedent. *Dexter* v. *Treasurer & Receiver General*, 243 Mass. 523. And, even

though the transmission of property depends upon the death of the decedent, it is not within the descriptive words of the statute where it passes from an outside source rather than from the decedent. *Tyler* v. *Treasurer & Receiver General*, 226 Mass. 306. The death of the decedent is the time that the rights of all parties, including the rights of the Commonwealth to tax, are determined. St. 1909, c. 490, Part IV, § 6. *Kingsbury* v. *Chapin*, 196 Mass. 533, 538. *Hooper* v. *Bradford*, 178 Mass. 95. *Old Colony Trust Co.* v. *Treasurer & Receiver General*, 238 Mass. 544.

The revenue tax of the United States is a charge upon the net estate transferred by death, and not upon the succession resulting from death, with the result that Massachusetts taxes the succession only after the Federal estate tax has been deducted. *Hooper* v. *Shaw*, 176 Mass. 190. *Old Colony Trust Co.* v. *Treasurer & Receiver General, supra.*

In the case at bar the Federal tax was properly deducted as one of the factors in determining the net value of the estate for inheritance tax purposes. *Hooper* v. *Shaw, supra. Old Colony Trust Co.* v. *Treasurer & Receiver General, supra.* The Federal tax was a legal charge on the net estate determined as of the death of the decedent and neither the representatives of the estate nor the persons entitled in succession to receive it when all charges against it were paid had so much as a bare expectancy that the statute under which the tax was levied would be amended, so as to provide for a redetermination of the tax assessed and a refund of any excess tax paid to the estate.

It is plain that the refunded tax, which was a legal tax when collected, did not become by relation a payment to the estate as of the death of the decedent and pass in intestate succession or by will, deed, grant or gift.

It results that the taxes and interest should be abated and the respondent commissioner of corporations and taxation be ordered to pay over to the petitioners the amount of the taxes paid with interest from the respective dates of payment.

*Decree accordingly.*