In re Estate of Lena A. Clark.

York.  Opinion March 21, 1932.

*Edward F. Gowell*, for Inhabitants of the Town of Berwick.
*Clement F. Robinson*, Attorney-General, for the State of Maine.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

PATTANGALL, C. J.    On report. Appeal from decree of Probate Court assessing a tax on a legacy to Inhabitants of the Town of Berwick under the following clause in the will of Lena A. Clark:

"Fifth: I hereby give, bequeath and devise to the Inhabitants of said Town of Berwick all the rest, residue and remainder of my estate, real, personal or mixed, wherever situated, and however and whenever acquired, to them and their assigns forever; the entire amount to be used in the construction of a town hall for the use of said town and any unexpended balance to be used for its maintenance forever."

Sec. 1, Chap. 77, R. S. 1930, provides that:
"All property within the jurisdiction of this state, and any interest therein, whether belonging to inhabitants of this state or not, and whether tangible or intangible, which shall pass by will, by the intestate laws of this state . . . by deed, grant, sale or gift . . . except to or for the use of any educational, charitable, religious, or benevolent institution in this state, shall be subject to an inheritance tax for the use of the state as hereinafter provided . . ."

The court below assessed a tax on the Inhabitants of the Town of Berwick, computing the amount of the residuary legacy on the basis of its value on the date of the testator's death. Appeal was seasonably taken and two issues are presented here: Namely, whether or not the legacy is taxable and, if so, whether it should be valued at the date of testator's death or at the date of distribution. If the first question is answered in the negative, an answer to the second is unnecessary.

Our court has never been called upon to answer the exact questions presented. The exemption provisions in inheritance tax laws in other states differ so materially from ours that only a few of the decisions of their courts are in point.

It is to be noted in the first instance that the tax imposed in this state is an inheritance tax and not an estate tax. It is an excise upon the right or privilege of taking property, by will or descent, under the law of the state, *State* v. *Hamlin*, 86 Me., 504; *In re Estate of Cassidy*, 122 Me., 33. It is collected by the state through the agency of the executor or administrator, but it is in reality paid by the legatee or devisee.

All of the states, with the exception of Alabama, Florida and Nevada, levy a tax on inheritances or estates or both. Georgia, Mississippi and Utah impose a tax on estates as does the Federal government. New York taxes both estates and inheritances. The remaining states tax inheritances.

Each of the inheritance laws contains exemptions of bequests for certain purposes or to or for the use of certain institutions, organizations, societies or political subdivisions, in addition to exemptions of bequests of certain amounts to heirs and other legatees, with the exception of Nebraska which exempts no bequests other than to relatives, although Maryland goes only a step farther, adding to such an exemption "property passing to the city of Baltimore or to any county or municipality in the state."

A number of the states specifically exempt bequests to their political subdivisions, sometimes limiting the exemption to those to be used for certain defined purposes. Others exempt bequests to be devoted to charitable, religious or educational use. A few, like Maine, limit the exemption to bequests to or for the use of certain classes of institutions.

It is held in some jurisdictions that the law in this respect is to be liberally construed to promote the benevolent purpose of the exemption, *Re Curtis*, 88 Vt., 445, 92 Atl., 965; *In re Spangler's Est.*, 148 Ia., 333, 127 N. W., 625; *Carter* v. *Whitcomb*, 74 N. H., 482, 69 Atl., 779; *In re Graves' Est.*, 171 N. Y., 40, 60 N. E., 787; *In re Harbeck's Est.*, 161 N. Y., 211, 55 N. E., 85; *Mergentime's*, 195 N. Y., 572, 88 N. E., 1125; *In re Kerr's Est.*, 159 Pa., 512, 82 Atl., 354; in other jurisdictions that the rule of strict

interpretation should be applied, *In re Bull's Est.*, 153 Cal., 715, 96 Pac., 366; *English* v. *Crenshaw*, 120 Tenn., 531, 127 Am. St. Rep., 1025; and in still others that such a statute should be given a reasonable and liberal interpretation with a view to effectuate the intention of the legislature, *State* v. *Bazille*, 97 Minn., 11, 106 N. W., 93; *State* v. *Vance*, 97 Minn., 532, 106 N. W., 98; *In re Gordon's Est.*, 186 N. Y., 471, 79 N. E., 722.

"We believe the true rule is that as the inheritance tax is a special tax, the intention to impose it in any case must be clearly expressed and words of exemption should be liberally construed." Blackmore and Bancroft on Inheritance Taxes, p. 196.

The Tennessee court, in a number of cases cited and discussed in *Henson* v. *Monday et al* (1930), 224 S. W., 1043, held that a legacy tax could not properly be laid against bequests to the University of Tennessee, the City of Knoxville, the Knox County Industrial School and several other counties, such legatees being agencies of the state and the state's privilege to take money under a will not being subject to a general tax law. The decision is based on the proposition that the tax is laid on the legatee and not upon the estate of the testator, being a tax on the right to receive rather than on the right to transmit. The conclusions reached in this case are reinforced by the opinion in *Knowlton* v. *Moore*, 178 U. S., 41, and *In re Macky*, 46 Colo., 79, 102 Pac., 1075. But in *Snyder* v. *Bettman*, 190 U. S., 249, an opposite view is taken although dissented from by Chief Justice Fuller, Justice White and Justice Peckham; and the weight of authority is that the mere fact that the property of a legatee is not subject to taxation does not prohibit the state from imposing an excise tax on its right to receive a bequest. *Washington County Hospital Association* v. *Estate of Mealey*, 121 Md., 274, 88 Atl., 136; *In re McCormick*, 206 N. Y., 100, 99 N. E., 177; *In re Saunders*, 141 N. Y. S., 1145.

That the bequest before us can not be regarded as exempt from inheritance tax, because the Inhabitants of the Town of Berwick is a municipal corporation and a political subdivision of the state or because its corporate property is not subject to taxation, seems clear. And it is just as clear that the appeal can not be sustained on the ground that the town hall when erected would be free from tax.

Unquestionably the bequest is for a charitable use. "A charity in the legal sense may be more fully defined as a gift to be applied consistently with existing laws for the benefit of an indefinite number of persons either by bringing their minds or hearts under the influence of education or religion, by relieving their bodies from disease, suffering, or constraint, by assisting them to establish themselves in life, or by erecting or maintaining public buildings or works or otherwise lessening the burdens of government." *Jackson* v. *Phillips*, 14 Allen (Mass.), 556; *Crerar* v. *Williams*, 145 Ill., 625, 34 N. E., 467; *Bills* v. *Pease*, 116 Me., 98.

The words "charitable use" include all gifts for a general public use independent of benevolent, educational or religious purposes. Gifts in trust for the support of public schools or municipal improvements are gifts for charitable uses. *Trustees* v. *Megginson* (Del., 1910), 74 Atl., 565.

"A gift designed to promote the public good is regarded as a charity." Such is a bequest for the improvement of a city, *Howse* v. *Chapman*, 4 Ves., 542; to improve a city and support public buildings or bridges, *Gort* v. *Attorney-General in the House of Lords*, 6 *Dow's*, 136.

"What is a charity is principally regulated by the Statute of 43 Elizabeth, Chap. 4." *American Academy of Arts and Sciences* v. *President and Fellows of Harvard College*, before Shaw, C. J., sitting in equity, 12 Gray (Mass.), 594.

A municipality by tax raised funds may operate a charitable institution. *In re Wilson's Estate* (Wash., 1920), 191 Pac., 615.

A hospital given to a town is a public charity which the town has a right to accept and administer. *Adams et al* v. *Plunkett et al* (Mass., 1931), 175 N. E., 60.

In Estate of Graves, 242 Ill., 23, 89 N. E., 672, a bequest of money to erect in a public park a drinking fountain for horses was held to be a charity.

But our statute does not exempt all bequests for charitable uses. In an opinion by Mr. Justice Holmes, in the case of *Hooper* v. *Shaw*, 176 Mass., 190, at a time when the exemption in that state was practically identical with ours, that question is discussed. "The exception in the act of 1891 which is relied on is in the words 'other then . . . to or for charitable, educational, or religious societies or

institutions, the property of which is exempt by law from taxation.' Giving the broadest latitude to the word 'institution,' and assuming that there is an exemption if a charitable institution of the kind described is either trustee or *cestui que* trust, we can not read the words as meaning to embrace all charitable gifts. That is what the argument for the legatees comes to. It is suggested that we read the word 'institution' as equivalent to the German *stiftung*, and as satisfied when there is a fund permanently devoted to charity. We think it very clear that this would be a perversion of the words from their plain meaning and the substitution of an unidiomatic and remote conception which would not occur to ordinary minds. The contrary is implied in *Essex* v. *Brooks*, 164 Mass., 79. Very likely the institution need not be incorporated, but it is contemplated as an owner of property, not as property."

It may be of interest to note that "*stiftung*" has been variously translated as "institution," "foundation," and "pious bequest," obviously a much broader word than the English word "institution"; and it is also important to note that the trustee in *Hooper* v. *Shaw*, supra, was the New England Trust Company, an institution which in no sense could be deemed educational, religious, benevolent or charitable, and the *cestuis* were certain unidentified persons.

In an earlier Massachusetts case, *Essex* v. *Brooks*, 164 Mass., 83, the opinion being by Justice Morton, the Court said "By St. 1891, Chap. 425, Sec. 1, all property within the Commonwealth which shall pass by will or by intestate succession, or by deed, grant, sale, or gift to take effect after the death of the grantor, 'other than to or for the use of the father, mother, husband, wife, lineal descendant, brother, sister, adopted child, the lineal descendant of any adopted child, the wife or widow of a son or the husband of a daughter of a decedent, or to or for charitable, educational, or religious societies or institutions, the property of which is exempt by law from taxation, shall be subject to a tax of five per centum of its value, for the use of the Commonwealth.' By the will in question the testator gave to the town of Essex, first, 'twenty thousand dollars for the erection of a town hall and library for the use of its inhabitants'; then by a subsequent provision he gave 'the further sum of twenty thousand dollars, in trust to invest and keep in-

vested in some safe security, the income whereof shall annually be expended by the officers of said town for the purchase of books for said library for the free use of its inhabitants.' The two provisions taken together contemplate the establishment and maintenance by the town, with the sums thus bequeathed, of a free public library for the use of the inhabitants of the town, and the erection of a library building and town hall. We think that the library thus established may fairly be called an educational or charitable institution, and that the legacies being given to the town for it come within the exemption of the statute, and are not subject to the tax."

We can not regard *Hooper* v. *Shaw*, supra, as overruling *Essex* v. *Brooks*, supra. We think that the later opinion simply differentiated the case then before the court from the former case, in point of fact, and our view in that respect is strengthened by the fact that Mr. Justice Holmes concurred in the earlier opinion. They certainly are not unreconcilable. Both agree that either the trustee or the *cestui* must come within the scope of the word "institution" and that one or the other must be such an institution as can fairly be termed religious, benevolent, educational or charitable, and that the gift itself must be for such a charitable purpose within the scope of the work of the institution. In the early case, the court regarded a town hall and public library as an educational institution. Whether the town of Essex might not have been so regarded is not decided. The courts of other states, at a time when their statutes were no broader than ours, have gone that far.

The New York Court of Appeals in 1896 in the *Hamilton Case*, 42 N. E., 717, decided that a bequest to a city would not be exempted from the legacy tax under the section of the statute which declared that bequests to societies, corporations or institutions now exempted by law from taxation should not be subject to an inheritance tax. The court did not at that time have before it the question of whether such an exemption might not be made under certain circumstances in view of the fact that a municipality had educational and charitable duties to perform. When that aspect of the situation was presented to it, a different result was reached, and it was decided that a town to which a testamentary gift is made for a schoolhouse is an educational corporation within the meaning of

the inheritance tax law of New York, which exempts from such tax testamentary gifts to educational corporations. "A municipal corporation maintaining a free school system as one of its functions is clearly an educational corporation within the statutory exemption." *In re Guiteras' Est.*, 184 N. Y. S., 190; affirmed in 198 N. Y. S., 918.

"The trust created for building of a fire proof music hall in Warren, Ohio, was substantially a gift to the city for an educational purpose and the City of Warren, Ohio, was an educational corporation under the terms of the inheritance tax law of New York." *In re Packard's Est.*, 228 N. Y. S., 590.

In order that a bequest to an institution may be exempt on the grounds claimed here, it is not necessary that its duties should be limited to those embraced in the words "religious, charitable, educational or benevolent." It is unimportant that the scope of the duties of the institution include some which are not religious, charitable, educational or benevolent, provided that the donee is authorized to carry out the purpose of the gift. *In re Frasch's Will* (New York, 1927), 156 N. E., 656.

Municipal corporations may take charitable bequests unless prohibited by their charters. *In re Maynes' Estate* (Wash., 1922), 204 Pac., 596.

Under the terms of a statute in Iowa exempting from inheritance taxes bequests "to or for charitable societies or institutions," a devise of land in perpetuity to the dependent poor of a county, naming the county supervisors as trustees to receive and effect the trust, was held to be a charitable gift to the county as a charitable institution and within the exemption. The Court said, "The statutory exemption from inheritance taxes of bequests to or for charitable institutions will be liberally construed to promote the benevolent purposes of the exemption." *In re Spangler's Est.*, supra.

There being no question but that the gift of money to the Inhabitants of the Town of Berwick for the purpose of erecting a town hall is a gift for charitable use, that it is within the power of the donee to receive and administer the gift, and that the erection of a town hall is within the scope of the duties of the town, we do not hesitate to find that the Inhabitants of the Town of Berwick may

be held to constitute a charitable institution within the meaning of the exemption clause in the inheritance tax law.

In so holding we are but giving a reasonable interpretation of the obvious intent and spirit of the statute, designed as it was to encourage liberality on the part of those testators whose means permit them to indulge their generosity in the line of promoting the public good by contributing to the cause of religion, education, benevolence and charity.

*Appeal sustained.*
*Case remanded to lower court*
*for further proceedings.*