BOSTON SAFE DEPOSIT AND TRUST COMPANY, trustee, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Middlesex. March 4, 1941. — April 22, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Tax*, On legacies and successions.

A fund which, because of a retroactive change in rates under a Federal statute of 1926, had been returned to the executor of the will of a Massachusetts testator who had died in August, 1924, after it had been paid as part of a Federal estate tax in 1925, was property passing by the will under § 1 of G. L. c. 65 and an excise properly was assessed under § 13 as amended by St. 1924, c. 300, § 1, upon its value when, in 1939, a beneficiary under the will became entitled to it in possession and enjoyment.

PETITION, filed in the Probate Court for the county of Middlesex on June 11, 1940.

After a hearing by *Campbell*, J., a decree was entered from which the petitioner appealed.

*C. M. Rogerson*, (*R. W. Hardy* with him,) for the petitioner.

*H. E. Magnuson*, Assistant Attorney General, for the respondent.

DOLAN, J. This is a petition in equity, brought under G. L. (Ter. Ed.) c. 65, § 30, in which the petitioner, trus-

tee under the will of Josiah E. Bacon, seeks determination of the question whether the proceeds of money received from the United States due to a retroactive change in the United States estate tax are subject to the taxes imposed by G. L. c. 65, as amended. The case comes before us on the appeal of the petitioner from the decree entered by the judge that the sum of money involved was subject to an inheritance tax under G. L. c. 65, as amended.

The evidence is not reported but the judge made a report of the material facts found by him, which may be summarized as follows: Josiah E. Bacon, late of Newton, died testate on August 17, 1924. Under the terms of his will, after a certain devise and certain specific and general legacies, the testator gave the residue of his estate to the petitioner in trust for and during the term of the lives of his wife, Isabella, and his two sons, William H. and Josiah N. Bacon, and the survivor of them, and provided that one half of the net income therefrom be paid to his wife during her life, and one quarter thereof to each of his sons during the life of each. The will provided further that after the death of the testator's wife, or if she did not survive him, the trustee should pay one half of the net income to his son William and one half to his son Josiah, "each for the term of his natural life." Other provisions of the will need not be set forth.

One of the executors of the testator's will filed with the respondent an affidavit of debts and expenses of administration of the estate in the amount of $373,553.71, leaving a net estate subject to taxation under G. L. c. 65 of $2,248,610.67. On August 25, 1925, the executors paid a "United States estate tax" and interest thereon in the sum of $296,738.31. Included in the affidavit of debts and expenses filed with the respondent was an item entitled "Federal estate tax, $295,949.11," which was tentatively allowed by the respondent. On September 9, 1925 (valuation having been made under date of September 3, 1925), the respondent certified an inheritance tax on present interests under the will in the sum of $46,508.17.

On November 9, 1926, the executors received from the

commissioner of internal revenue a refund of "United States estate tax of $121,531.72 of which $118,129.84 was due to the retroactive reduction of rates of said estate tax under section 325 of the revenue act of 1926." This refund was distributed by the executors to the petitioner trustee and was invested by it in securities, which were held by it and the income therefrom paid one half to the testator's widow, Isabella, and one quarter each to his two sons, until February 24, 1939, on which date Isabella died. The value of the securities so held was then $117,345.09. Thereafter the entire net income of the trust estate was paid to the testator's two sons in equal shares, until the death of the son Josiah on February 2, 1940.

On September 28, 1939, the petitioner filed with the respondent an inventory of the trust estate to the income from which Isabella had been entitled during her life, with the values set forth as of the date of her death. The value of the one half of the entire trust estate, to the income of which the testator's two sons became entitled in equal shares for the life of "each," upon the death of Isabella, was determined by the respondent to be $872,630.76 for the purpose of computing the inheritance tax on the interests thus passing to the testator's sons. Included in the valuation was the sum of $117,345.09, the value of the securities in which the refund received by the executors from the commissioner of internal revenue had been invested by the petitioner. The sole issue is whether this refund represented by the securities before referred to is property of the testator, an interest in which passed by his will to his sons upon the death of his wife, within the meaning of G. L. c. 65, § 1.

The petitioner, relying upon the case of *First National Bank of Boston* v. *Commissioner of Corporations & Taxation*, 258 Mass. 253, contends that the refund is not property of the testator passing by his will. In support of this contention the petitioner asserts that the tax "can be measured only by what was legally in the estate as of the death as the net property to pass by will or intestacy"; and argues, in effect, that the refund in question passes independently of the death and is not in the estate, that it was returned as an

act of grace and given not to the decedent but to his beneficiaries, that it comes to them not from the decedent but from an independent source, and that it does not come within the taxing statute.

A majority of the court are of opinion, however, that the refund is property of the testator passing by his will and that its value as of the death of the testator's widow was properly included in the valuation of the one half of the trust estate, the income from which became payable to the testator's sons as of that time, in fixing the tax which then became due from them under G. L. c. 65, § 1, and § 13 as amended by St. 1924, c. 300, § 1. *Worcester County National Bank* v. *Commissioner. of Corporations & Taxation,* 275 Mass. 216, 222.

At the outset it is to be observed that we are here concerned not with any question of imposing a tax in addition to that previously certified and paid upon interests which accrued in possession and enjoyment under the testator's will upon his death, but with a tax sought to be imposed on future interests passing to the testator's sons in possession and enjoyment upon the death of his widow, payment of which could not be required until the happening of that event. G. L. c. 65, § 13, as amended by St. 1924, c. 300, § 1. In this respect the case is unlike *First National Bank of Boston* v. *Commissioner of Corporations & Taxation,* 258 Mass. 253, and *Cabot* v. *Commissioner of Corporations & Taxation,* 267 Mass. 338. In the case last cited, the commissioner assessed legacy and succession taxes which were stated on the face of the certificate to be "in full on the interest passing by will to" the beneficiaries concerned. The taxes were assessed and paid on February 27, 1924. In determining the taxes the commissioner had deducted properly a large estate tax paid to the Federal government. A considerable sum was thereafter refunded and paid to the executors of the decedent's will on September 24, 1925. The refund was made because illegally collected. Thereupon the commissioner assessed an additional tax on the amount of the refund, the assessment reading "In full on additional asset." The court, however, held that the com-

missioner had no authority to assess a supplementary tax after the determination of the amount of the tax had been made and the certificate issued by him under G. L. c. 65, § 27, and that the assessment was invalid. (But see now St. 1931, c. 405, § 2, the provisions of which are now contained in G. L. [Ter. Ed.] c. 65, § 27.)

The case of *First National Bank of Boston* v. *Commissioner of Corporations & Taxation*, 258 Mass. 253, involved the estate of one who died intestate in 1918. After deducting the Federal estate tax paid by the administrator, and other proper deductions, the commissioner valued the estate and certified the tax to the administrator. This tax was paid. The Federal estate tax was valid when collected. Subsequently a portion of the Federal tax was refunded to the administrator in accordance with an amendment to the Federal revenue act of 1918, approved November 23, 1921. Under this amendment a certain deduction was permitted to be made from the gross estates of decedents, and it was provided that the deduction should be made "in case of the estates of all decedents who have died since September 8, 1916." After the receipt of the refund by the administrator the commissioner assessed taxes thereon. The court held that the refunded tax which was a valid tax when collected did not become by relation a payment to the estate as of the death of the decedent and pass in intestate succession, or by will, deed, gift or grant, and that the taxes and interest thereon should be abated. The result reached in the case just cited would have been the same had the ground of the decision been that upon which the *Cabot* case rests, and in that case at page 339 the court stated that the point there raised, that additional taxes upon interests could not be assessed where they had been valued and the taxes certified, "was not considered or decided in *First National Bank of Boston* v. *Commissioner of Corporations & Taxation*, 258 Mass. 253, and that decision may be laid to one side." Manifestly that point, raised and sustained in the *Cabot* case, would require the same result that was reached in the *First National Bank* case, but upon other stated grounds.

In the opinion of a majority of the court the refund in

the present case constituted a part of the estate of the deceased which became subject to be administered, as it has been, under the terms of his will, and is subject to the provisions of G. L. c. 65, § 1, and § 13 as amended by St. 1924, c. 300, as to the future interests here sought to be taxed. We are not impressed by any subtle distinction sought to be drawn between the refund of taxes illegally exacted and the refund of taxes legally collected but returned in accordance with subsequent retroactive legislation. In each case the amount refunded would be a part of the estate of the decedent when collected, and a part of his net estate after the proper deductions. The payment of the taxes in the case at bar was made from assets, owned by the decedent at the time of his death. The refund was paid to the representative of his estate. We think it must be held to have been repaid to it for the purposes of his will just as if the amount of the refund had never been separated from his estate.

If such refunds are not subject to the laws governing intestate estates or to the terms of a decedent's will, and do not pass by deed, grant or gift, as the case may be, it would be difficult to know how or to whom they would be distributable. If they were made in an intestate estate it would seem that their disposition must be subject to the laws governing intestate succession, and if made in testate estates it would appear that they must be dealt with in accordance with the terms of the will. If, by the laws relating to intestate succession or by the terms of a will, the refund when made or some interest therein actually accrues in possession or enjoyment to the heirs of an intestate, or to beneficiaries under the terms of the will of a decedent, it would seem that to say such interests did not pass by intestacy, or under the terms of the will, as the case may be, but passed independently of the death of the deceased, would be to sacrifice the substantial purposes of the taxing statute for a shadow. See *Hooper* v. *Shaw*, 176 Mass. 190, 191; *Clarke* v. *Treasurer & Receiver General*, 226 Mass. 301; *Hill* v. *Treasurer & Receiver General*, 227 Mass. 331; *Lane* v. *Richardson*, 234 Mass. 403.

The deduction of the Federal estate tax is allowed in this

Commonwealth on the theory that the heirs or legatees or other beneficiaries do not receive amounts thus paid, and that they should not be required to pay taxes on property that they can never enjoy. But the reason for the deduction disappears in so far as a refund is subsequently made, by virtue of which they come into possession or enjoyment of it or some interest therein. The tax is an excise tax imposed upon the right of the owner to transmit it after his death, and also upon the privilege of his beneficiaries to succeed to the property thus dealt with, *Attorney General* v. *Stone*, 209 Mass. 186, and the privilege of receiving is the commodity which is taxable. *Minot* v. *Winthrop*, 162 Mass. 113. *Dana* v. *Dana*, 226 Mass. 297, 300. *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation*, 294 Mass. 551. It was the intention of the Legislature in enacting the governing statutes to impose the excise on whatever rights may be termed a succession within the statutory description, which has been interpreted to include "the entering into possession and enjoyment." *Saltonstall* v. *Treasurer & Receiver General*, 256 Mass. 519, 524; affirmed *sub nomine Saltonstall* v. *Saltonstall*, 276 U. S. 260.

Since in the opinion of a majority of the court the refund in the present case was properly included in the valuation of the property, life interests in which vested in possession and enjoyment in the two sons of the testator under the terms of his will at the death of his widow, in fixing the tax which then became due on account of the succession to those interests, the entry will be

*Decree affirmed.*