JOHN J. SHAUGHNESSY & others, executors, *vs.*
COMMISSIONER OF CORPORATIONS AND TAXATION.

Norfolk.    April 16, 1975. — May 6, 1975.

Present: HALE, C.J., ROSE, & ARMSTRONG, JJ.

*Taxation,* Succession tax.

Payments made to the widow of an employee pursuant to a vote of the company's stockholders and directors following the death of the employee were not subject to an inheritance tax under G. L. c. 65, § 1, where the decedent had entered into no agreement with the company to provide benefits for his widow in the event of his death. [250-251]

---

PETITION IN EQUITY filed in the Probate Court for the county of Norfolk on November 13, 1973.

The case was reported by *Ford, J.*

The case was submitted on briefs.

*Virginia C. Hall* for the petitioners.

*Robert H. Quinn,* Attorney General, *Walter H. Mayo, III,* Assistant Attorney General, & *John F. Hurley,* Deputy Assistant Attorney General, for the Commissioner of Corporations & Taxation.

HALE, C. J.    This petition for abatement of an inheritance tax (G. L. c. 65, § 27) was heard in a Probate Court on the pleadings and on a statement of agreed facts. The judge reserved and reported the case. G. L. c. 215, § 13.

The decedent, Herbert A. Shaughnessy, was president and treasurer of Shaughnessy & Ahern Company at the time of his death on March 6, 1968. At a "special meeting" held on May 27, 1968, the stockholders and directors of the company voted to pay the decedent's widow "at the annual rate of $16,250 for two years," such payments to be made in equal weekly installments. The Commissioner subsequently certified an inheritance tax on those payments in the sum of $1,880.81. The executors paid that amount plus interest prior to filing this petition. The parties stipulated that "[t]he Company was under no contractual or other obligation to the decedent to make such payments" and that the company had never before made payments of that type to the estate or relatives of any deceased officer or employee.

General Laws c. 65, § 1 (as amended through St. 1967, c. 463, §§ 1, 2), provides in part that "[a]ll property within the jurisdiction of the commonwealth, corporeal or incorporeal, and any interest therein, . . . which shall pass by . . . deed, grant or gift, . . . made or intended to take effect in possession or enjoyment after . . . death [of the grantor or donor] . . . shall be subject to a tax." The executors contend that the payments authorized to be paid to the widow are not subject to an inheritance tax because the decedent at no time had any interest in the property subsequently

transferred to his widow. We agree. In this case the decedent had entered into no agreement, written or oral, with the company to provide benefits for his widow in the event of his death. See *First Natl. Bank of Boston* v. *Commissioner of Corps. & Taxn.* 258 Mass. 253, 255-256 (1927). Contrast *National Shawmut Bank* v. *Commissioner of Corps. & Taxn.* (also known as the *Bird* case) 354 Mass. 350, 351-353 (1968); *Narva* v. *Commissioner of Corps. & Taxn.* 358 Mass. 648, 649 (1971). The payments cannot be said to be deferred compensation. Contrast the *Bird* case, 354 Mass. at 360, and the *Narva* case, 358 Mass. at 650. The payments appear to us to have been a gratuity conferred upon the widow by an independent third party. See *Porter* v. *Commissioner of Int. Rev.* 442 F. 2d 915, 917 (1st Cir. 1971).

As the decedent had no property interest in the payments and as the payments did not arise out of any property interest (contrast the *Bird* case, 354 Mass. at 360), we conclude that they were not subject to an inheritance tax.

A decree is to be entered in the Probate Court allowing the petition.

*So ordered.*