CITY OF AUBURN

*vs.*

YOUNG MEN'S CHRISTIAN ASSOCIATION OF AUBURN.

Androscoggin.   Opinion February 20, 1894.

*Taxes.   Assessment.   Exemption.   Y. M. C. A.   R. S., c. 6; Stat. 1889, c. 274.*

The real estate of the Young Men's Christian Association of Auburn, whether the association be classed, within the meaning of the statute on taxation, as a religious or as a charitable institution, is taxable as other real estate is, so far as it is not used or occupied by the association for its own purposes, but is rented for the sake of obtaining revenue therefrom.

Where one portion of a building which is real estate is taxable and another portion not, it cannot be considered, in a suit for the collection of taxes thereon, objectionable for the assessors to estimate the value of the whole estate, and, after deducting from the amount of such estimate the value of the non-taxable portion of the estate, to assess a tax upon the amount of the estimated value left.

ON REPORT.

This was a statutory action of debt to recover the taxes assessed, for the years of 1891 and 1892, upon the defendant's real estate in the city of Auburn.  The presiding justice who heard the case ordered judgment for the plaintiff in the sum of $426.80.  The parties agreed that the evidence should be reported to the law court.  If the tax in the opinion of the law court was not sustainable, judgment should be for the defendant; otherwise, the judgment was to stand.

The case is stated in the opinion.

*James A. Pulsifer*, for plaintiff.

Counsel cited: *Camden* v. *Village Corporation*, 77 Maine, 531, and cases; 1 Dill. Mun. Corp. § 86; *Lowell Meeting-House* v. *Lowell*, 1 Met. 538; *Pierce* v. *Cambridge*, 2 Cush. 611; *Trustees, &c.*, v. *Wilbraham*, 99 Mass. 599.

*Savage and Oakes*, for defendant.

The object of the statute of 1889 is apparent. It was that towns in which literary institutions existed should not be burdened especially by the loss of taxation on rentable real estate owned by such institutions, but that that burden should be assumed by the State, on the ground that benefits derived from such institutions were public and confined to no town or section of the State.

It cannot be denied that the work done by this defendant and by associations like it is done for the general public only. The good of society demands that they be supported, and if the general public does not assist at least to the extent of exempting them from public burdens, then pious and generous men must put their hands even deeper into their pockets to carry on the work. And not only that, but if the contention of the city of Auburn in this instance is correct, piety and generosity must be taxed by the public for the privilege of ministering, without fee or reward, to that public which will get all the benefit of the Association's work and which contributes nothing itself.

The defendant is a charitable institution and its property, real and personal, is exempted from taxation.

Charitable institutions within the meaning of the law : *Mass. Soc., &c.,* v. *Boston,* 142 Mass. 24; *Morville* v. *Fowle,* 144 Mass. 109; *Fairbanks* v. *Lampson,* 99 Mass. 533; *Gooch* v. *Association,* 109 Mass. 558; *Dexter* v. *Gardner,* 7 Allen, 243; *Tappan* v. *Deblois,* 45 Maine, 122; *Goodsell* v. *Union Association,* 29 N. J. Eq. 32; *Jackson* v. *Phillips,* 14 Allen, 558; *Bartlett* v. *King,* 12 Mass. 536; *Going* v. *Emery,* 16 Pick. 107; *Sohier* v. *St. Paul's Church,* 12 Met. 250; *Brown* v. *Kelsey,* 2 Cush. 243; *Earle* v. *Wood,* 8 Cush. 430; 3 Am. & Eng. Encyl. 130.

The assessors have not taken the proper steps to make the exemptions.

SITTING : PETERS, C. J., WALTON, EMERY, FOSTER, HASKELL, WHITEHOUSE, JJ.

PETERS, C. J. The point first discussed on the briefs of counsel in this case is whether the Young Men's Christian Asso-

ciation of Auburn should, for purposes of taxation or immunity from taxation, be classified as a charitable or only as a religious society. That might present a question of some difficulty for decision, but its importance in this case is entirely taken away by the fact that, since the present case was submitted to us, it has been held in another case that the real estate belonging to either kind of such corporations, so far as the same is not occupied by the corporation for its own purposes, is taxable in the municipality where it is situated. *Inhabitants of Foxcroft* v. *Piscataquis Valley Camp Meeting Association, ante,* p. 78. That case fully covers and controls the present case.

The last general statute regulating exemptions from taxation was enacted in chapter 274, laws of 1889, by which act, item two of section six of chapter six of the revised statutes is made, in its enumeration of the classes of property exempted, to read as follows:

"All property which by the articles of separation is exempt from taxation; the personal property of all literary and scientific institutions; the real and personal property of all benevolent and charitable institutions incorporated by the State; the real estate of all literary and scientific institutions occupied by them for their own purposes or by any officer thereof as a residence. Corporations whose property or funds in excess of their ordinary expenses are held for the relief of the sick, the poor, or the distressed, or of widows and orphans, or to bury the dead, are benevolent and charitable corporations within the meaning of this specification, without regard to the sources from which such funds are derived, or to limitations in the classes of persons for whose benefit they are applied, except that so much of the real estate of such corporations as is not occupied by them for their own purposes, shall be taxed in the municipality in which it is situated. And any college in this State authorized under its charter to confer the degree of Bachelor of Arts or of Bachelor of Science, and having real estate liable to taxation, shall, on the payment of such tax and proof of the same to the satisfaction of the governor and council be reimbursed from the state treasury to the amount of the tax so paid; provided, however, the

aggregate amount so reimbursed to any college in any one year shall not exceed fifteen hundred dollars; and provided, further, that this claim for such reimbursement shall not apply to real estate hereafter bought by any such college."

The result in the case cited turned on the construction to be given to the clause, in the above statute, limiting the exemption to such real estate as is occupied by certain corporations for their own use. The defendants, in the present case, contend that the excepting clause was intended to apply only to a peculiar class of institutions denominated charitable in the lines immediately preceding such clause; whilst the decision alluded to finds that the excepting clause applies to all charitable and benevolent corporations alike. Even if there may be some question of the meaning of the legislature in this reconstruction of previous sections and amendments, the better interpretation is to infer that, whilst the legislature was willing to increase the kind and number of associations to be regarded as of a charitable character, and thereby enjoying the boon of immunity from taxation, it intended at the same time to lessen and limit the extent of such immunity. It increased numbers and decreased amounts. This construction makes the statute treat all charitable and other associations and institutions alike.

This construction of the statute is required by the strongest presumptions. All doubt and uncertainty as to the meaning of a statute is to be weighed against exemption. Taxation is the rule and exemption the exception. This doctrine runs so strongly in the cases that many of them hold that, when the property "of" an institution is by legislative grant exempted from taxation, the exemption must be held as applying only to such property as is occupied by such institutions for their own purposes. See 18 Am. Law Reg. (N. S.) 366, and numerous citations in note. See, also, Cooley on Taxation, pp. 54, 204, 205. These rules are especially applicable in our own State where there is an absence of express constitutional power to grant exemptions from taxation. The charter accepted by the defendants authorizes them to take and hold real estate for "religious, educational and charitable purposes." The counsel

for the plaintiffs contend, that it would be an invidious discrimination to allow them to hold real estate for purposes of rent and revenue in competition with other holders of commercial property without payment of taxes thereon; that such an exemption to them is an exaction on others.

The defendants' entire real estate, a portion of which was let for a boarding-house and another portion for stores, was valued at the sum of twenty thousand dollars, and an assessment was made upon one half of that sum as the value of the non-exempted portion of the property. This may not have been the most regular mode of assessment, but was regular enough to sustain an action for collecting the taxes, and there is no injustice in it. *Cressey* v. *Parks*, 76 Maine, 532.

*Defendants defaulted.*