CUMBERLAND COUNTY POWER AND LIGHT COMPANY

*vs.*

INHABITANTS OF THE TOWN OF HIRAM.

Oxford.    Opinion January 23, 1926.

*A petitioner for an abatement of taxes, in order to be entitled to relief, must show that his property is overrated; that the valuation is manifestly higher than its just value, or that an unjust discrimination exists against him, thus denying him the equal protection of the laws.*

In the instant case the town assessors intended and attempted to apportion and assess all taxes upon real estate in Hiram in the year 1922, equally and according to the just value thereof as required by Section 8 of Article IX., of the Constitution of this State.

In determining the fair market value of these several properties and assessing upon seventy-five per cent. of that value, the assessors are presumed to have acted in good faith and in conformity with the constitutional requirement.

Their method of appraisement being general and uniform, there was no violation of the Fourteenth Amendment by an intentional and systematic undervaluation of other properties, while the petitioner paid on full just value.

The petitioner having failed to establish that other taxpayers in the town were assessed on less than the just value of their properties, the single Justice in granting the abatement properly used the "just value" of the petitioner's property as the basis of the tax allowed.

On exceptions. A proceeding by petition for an abatement of taxes assessed for the year 1922 upon the property of plaintiff situated in the town of Hiram. The assessors of said town denied the petition refusing to abate the taxes, and plaintiff company took an appeal under Secs. 79-82, of Chap. 10, R. S. By agreement of the parties the appeal was heard by a single Justice under Sec. 37, of Chap. 87, R. S. and from his rulings plaintiff excepted. Exceptions overruled.

The case fully appears in the opinion.

*Verrill, Hale, Booth & Ives,* for plaintiff.

*Alton C. Wheeler,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, MORRILL, STURGIS, BARNES, JJ.

STURGIS, J.   This is an appeal under the provisions of R. S., Chap. 10, Secs. 79-82, from the decision of the assessors of the town of Hiram, refusing to abate the tax assessed for the year 1922 upon land and a portion of the dam owned by the appellant.   By agreement of the parties, the appeal was heard by a single Justice in vacation (R. S., Chap. 87, Sec. 37) and from his ruling upon matters of law exceptions are certified to this court.

The petitioner for abatement is the owner of the hydro-electric power plant located at Hiram Falls on the Saco River, with more than half the dam in the town of Hiram and the remainder, together with the power-house, etc. in the town of Baldwin which adjoins Hiram at the thread of the stream.   The land taxed consists of thirty acres immediately adjacent to the river and includes the site of the dam on the Hiram side.

At the hearing upon the appeal the petitioner claimed that the appraisement of its property by the town assessors for the year 1922 was manifestly in excess of its just value, and introduced records showing the original cost of the development with allocation of cost of construction to the two sides of the river, and estimates of replacement value with proper depreciation allowance.   The land value was considered in the light of the power privilege appurtenant to it, and the Justice found that the "just value" of the thirty acres of land and the portion of the dam taxed to the petitioner as of April 1, 1922, was $116,000, and abated the tax accordingly.   This finding meets with the approval of the petitioner to the extent that it accepts the figure of $116,000 as the just value which the Constitution of this State fixes as the basis of taxation.   Its present complaint is that by this finding it is taxed upon the full just value of its taxable property in this town, while all other properties are taxed on approximately a seventy-five per cent. basis of their respective just values.   The exception taken is to the refusal of the single Justice to fix the value of the petitioner's property for taxation at seventy-five per cent. of its just value as found and abate its tax accordingly.

A careful examination and consideration of the testimony of the assessors leads us to the conclusion that, subject to the imperfections of human judgment, they intended and attempted to apportion and

assess all taxes upon real estate in the town of Hiram in the year 1922 according to the just value thereof and in accordance with Section 8 of Article IX. of the Constitution of this State, which provides:

"All taxes upon real and personal estate, assessed by authority of this State, shall be apportioned and assessed equally, according to the just value thereof."

The method of valuation adopted was this. Having determined what, in the light of their experience and knowledge, appeared to them to be the "market value" or "fair market value" of the respective properties they appraised the same for purposes of taxation at seventy-five per cent. of such values and assessed their taxes accordingly. Their testimony carries the inference that the valuations which they used for assessment were to them "just values." This inference is confirmed by the presumption of good faith and conformity to the requirements of the law which attaches to their acts. *Iron Co.* v. *Wakefield,* 247 U. S., 353; *Fibre Co.* v. *Bradley,* 99 Maine, 263.

Their method of appraisement was general and uniform in its application, and there was no discrimination. In the case of "Land and dam at Hiram Falls thirty acres," as the assessment to this petitioner was written, the fair market value of the entire property was estimated to be $200,000, and its value for purposes of taxation was fixed at $150,000. These assessors declare, and no evidence contradicts their statement, that they extended the same treatment to the petitioner that all other owners of property in the town received. There was no intentional and systematic undervaluation of other properties while the petitioner paid on full just value. *Manufacturing Co.* v. *Benton,* 123 Maine, 121; *Bridge Co.* v. *Dakota County,* 260 U. S., 441; *Iron Co.* v. *Wakefield,* supra.

The only wrong to this petitioner was in the excessive just value found by the assessors. Its property was overrated, but this wrong was righted in the court below, and it was there assessed according to the true just value of its property as required by the Constitution.

We find nothing in the evidence to indicate that other properties were valued with greater accuracy of judgment or on a less magnified basis. Failing to establish, as this petitioner does, that other taxpayers in the town were assessed on less than the just values of their properties, no ground of error in the refusal of the Justice to depart

from the constitutional requirement appears.    It is the "taxpayer whose property alone is taxed at 100 per cent. of its true value (who is entitled) to have his assessment reduced to the percentage of that value at which others are taxed even though this is a departure from the requirement of statute." *Bridge Co.* v. *Dakota County,* supra. And then only when his claim of discrimination is supported by, "something which in effect amounts to an intentional violation of the essential principle of practical uniformity." *Iron Co.* v. *Wakefield,* supra.

*Exception overruled.*