PHILIP H. MacDONALD, EXECUTOR

*vs.*

PHILIP D. STUBBS, INHERITANCE TAX COMMISSIONER.

Cumberland.   Opinion, November 18, 1946.

*Sherman I. Gould,*

*Charles H. Shackley,* for the plaintiff.

*Ralph W. Farris,* Attorney General of the State of Maine,

*Nunzi F. Napolitano,* Assistant Attorney General of the State of Maine, for the defendant.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MURCHIE, TOMPKINS, FELLOWS, JJ.

FELLOWS, J. This is a petition in equity under Rev. Stat. 1944, Chap. 142, Sec. 30, to the Probate Court in the County of Cumberland, brought by Philip H. MacDonald as executor of the Will of William G. Hunton, for abatement of inheritance tax. The case comes to the Law Court on Report by agreed statement of facts. The question for decision is whether the particular legacy provided by the terms of the will of the late William G. Hunton for Lafayette Lodge No. 48, Free and Accepted Masons, of Readfield, Maine, is exempted by law from payment of inheritance tax.

William G. Hunton, late of Portland, died July 31, 1944, and, under the seventh paragraph of his Will, created a trust for the benefit of Margaret H. Andrews (now living) and instructed the Trustee upon her death to distribute certain personal property among certain beneficiaries, "and all the rest, residue and remainder of said trust estate to Lafayette Lodge No. 48, Free and Accepted Masons, of Readfield, Maine, to be held in trust and the annual income from said funds to be used by said Lodge to pay their annual dues to the Grand Lodge of the State of Maine; and any of said income which may not be required for said purpose to be used for the maintenance of the building or buildings which they may occupy."

The agreed facts and exhibits show that Lafayette Lodge was incorporated February 24, 1865 by act of the Maine Legislature, Private and Special Laws 1865, Chapter 523; and it was given power to take and hold real estate and personal property "for masonic, charitable and benevolent purposes." Its Charter from the Grand Lodge of Maine was dated May 20, 1850 and constituted certain named individuals, "a Regular Lodge of Free and Accepted Masons, . . . hereby giving and granting unto them and their successors, full power and authority to convene as Masons, . . . to receive and enter Apprentices, pass Fellow Crafts, and raise Master Masons, upon the payment of such compensations for the same as may be determined by the Grand Lodge; also to make choice of a Master,

Wardens and other Office Bearers, annually or otherwise, as they shall see cause; to receive and collect funds for the relief of poor and distressed Brethren, their Widows or Children; and in the general to transact all matters relating to Masonry, which may to them appear to be for the good of the Craft."

The original Legislative Act, incorporating the Grand Lodge, approved June 16, 1820, authorized the management of affairs according to ancient Masonic usages, and to take and hold real estate and personal property for charitable and benevolent uses.

The constitution of the Grand Lodge provides for a "Masonic Charitable Foundation" and the interest from charitable funds may be appropriated in whole or in part, in the first instance, for poor and worthy members of lodges, their widows and orphans, and, secondly, to "other worthy cases of distress within and without the Masonic Fraternity" as the Grand Lodge or the Trustees of the Foundation "may consider worthy of assistance."

Lafayette Lodge owns the building which it occupies, and its income is derived from rent from portions of the building, and dues from members. This income is expended for maintenance of building, the general expenses of the fraternal order, the annual dues to the Grand Lodge, and for relief of poor and distressed members or their widows and children.

The Inheritance Tax Commissioner, by his Certificate of tax dated July 9, 1945, determined the value of the residue to which Lafayette Lodge is entitled upon the death of Margaret H. Andrews, at $6,066.73, and imposed a tax of $556.67. Philip H. MacDonald as executor of the Will, filed this petition for abatement, and claims that Lafayette Lodge "as a Masonic Lodge, pecuniary profit not being its object or purpose, is entitled to receive the rest, residue and remainder of said trust estate without payment of any inheritance tax thereon," under the authority of P. L. 1939, Chap. 122 (Rev. Stat. 1944, Chap. 142, Sec. 2, Par. 2). The Defendant Commissioner contends

that the inheritance tax is legal and proper, and that the Lodge is not exempt, by reason of this statute, as a "charitable corporation."

The Court does not feel in the present case that it is necessary to decide what is, or what is not, a charitable corporation, because it feels that regardless of the corporate status, the purpose of this particular trust is not charitable, and that it is subject to tax.

The principal portion of the Inheritance Statute in question, is as follows:

"All property which shall pass to or for the use of societies, corporations, and institutions now or hereafter exempted by law from taxation, or to a public corporation, or to any society, corporation, institution, or association of persons engaged in or devoted to any charitable, religious, benevolent, educational, public, or other like work, pecuniary profit not being its object or purpose, or to any person, society, corporation, institution, or association of persons in trust for or to be devoted to any charitable, benevolent, educational, or public purpose, by reason whereof any such person or corporation shall become beneficially entitled, in possession or expectancy to any such property or the income thereof, shall be exempted; provided however, that such society, corporation, institution, or association be organized and existing under the laws of this state, or that the property transferred be limited for use within this state." Rev. Stat. 1944, Chap. 142, Sec. 2, Par. 2.

Rev. Stat. 1944, Chap. 81, Sec. 6, Par. 3 is the general law which now exempts from taxation the real and personal property of certain named organizations, like the Red Cross and American Legion, and also exempts the real and personal property of all benevolent and charitable institutions incorporated by the State, and corporations whose property in excess of ordinary expenses, is held for the relief of the

sick and the poor. Express provision, however, is also made that so much of the real estate owned by benevolent and charitable corporations, which is not occupied by them for their own purposes, shall be taxed.

Taxation is so vital and so universal a necessity under the many demands of government, that an exemption from the payment of a tax is the exception and never the rule. Public policy and public necessity require, however, that some organizations or institutions devoted to the general welfare, such as religious organizations, free hospitals, schools and colleges, should not be obliged to use their funds for the general purposes of government. The benefits derived by the public from the activities of certain moral, educational and charitable organizations are of greater value than would be their tax contributions. The very word "exemption" indicates a freedom from duties and charges to which others are subject. The burden of proving that a particular legacy is exempt is on the one who claims that it is free from the usual obligation. "Taxation is the rule and exemption the exception." *Auburn* v. *Y. M. C. A.*, 86 Me., 244, 247, 29 A., 992, 993; *Park Association* v. *Saco*, 127 Me., 136, 142 A., 65; *Camp Associates* v. *Inhabitants of Lyman*, 132 Me., 67, 70, 166 A., 59.

Although inheritance taxes have been introduced into the United States, and adopted by this State, in comparatively recent times, it is not a modern discovery as a system of raising revenue, because it was an established form of taxation in ancient Rome. All inheritance tax laws contain the graduated principle, and the amount of tax depends on the amount received, or to be received, and whether the recipient is related to the decedent, or a stranger to the blood. Almost all inheritance tax statutes contain an exemption in favor of bequests for charitable purposes.

The precise question presented here has never been passed upon by our Court. The inheritance tax laws of Maine have contained provisions for the exemption of gifts to charitable or

benevolent institutions since 1895 (see P. L. 1895, Chap. 96), but only two decisions have been made on what constitutes a charitable benevolent institution or a gift within the meaning of the inheritance tax statute. In re *Estate of Lena A. Clark,* 131 Me., 105, 159 A., 500, it was held that the town of Berwick was a charitable institution, within the meaning of the statute, and the gift of funds for a public building was a charitable use (the statute being later amended by P. L. 1933, Chap. 148, specifically exempting public corporations) while in re *Estate of James N. Hill,* 131 Me., 211, 160 A., 916, 83 A. L. R., 928, the Court held that a cemetery corporation was not charitable, the gift being for care and improvement of cemetery property.

It is well recognized that an inheritance tax is not a tax on property, as such, but is a tax on the privilege of receiving property by Will or inheritance. *State* v. *Hamlin,* 86 Me., 495, 30 A., 76, 25 L. R. A. 632, 41 Am. St. Rep. 569; *Re Cassidy,* 122 Me., 33, 118 A., 725, 30 A. L. R., 474. Therefore, a statute that exempts real or personal property from taxation would not necessarily exempt from a tax on the privilege of receiving the property. 28 Am. Jur., 106, Sec. 203. The inheritance tax laws of Maine, as above stated, provide however, that if an organization is exempted under the property tax law it is also exempted under the inheritance tax law.

The plaintiff claims that the Lafayette Lodge is not liable for inheritance tax because it is within the exemption under the property tax law. Rev. Stat. 1944, Chap. 81, Sec. 6, Par. 3; and if not within this exemption, it is exempt because it is a "charitable corporation," "engaged in or devoted to charitable and benevolent work" under the inheritance tax law, Rev. Stat. 1944, Chap. 142, Sec. 2.

As appears from the above extract from Chap. 142, Sec. 2 of the Rev. Stat. of 1944 known as the Inheritance Tax Law, the exemption applies to property passing (1) to or

for the use of a corporation now or hereafter exempted by Rev. Stat. 1944, Chap. 81, Sec. 6 from taxation, (2) to a public corporation, (3) to a corporation engaged in or devoted to charitable work, and (4) to *any* corporation in trust for or to be devoted to any charitable purpose.

Taking these divisions in order, the first question is whether this legacy in this case, and under these facts, is exempted from taxation under the general law, above mentioned as Rev. Stat. 1944, Chap. 81, Sec. 6, Par. 3, and this, it appears to us, is decided by the very fact that the income from the trust fund is to be used not only for annual dues, but also for maintenance of a building or buildings that are, or may be, taxable. Portions of the buildings are now rented. Under these facts the Lafayette Lodge is not exempt under (1), which is the general law exempting from all real and personal property tax.

There is no question as to subdivision (2), for this lodge is admittedly not a "public corporation." The bequest here is to be used for the payment of annual dues and for maintenance of lodge buildings which, on its face, shows that it is not a "charitable purpose" and that exemption (4) does not apply. As to (3), whether the corporation is engaged in or devoted to charitable work within the meaning of the inheritance tax statute, we do not view as material in this case. It would not appear to be within legislative intent to say that a corporation might take moneys free of inheritance taxation for the declared purpose of maintaining property subject to taxation, or to relieve individuals of payment of dues incidental to membership.

It is not for the Court to amend old statutes or to make new ones. If the Legislature desires to add the name of a fraternal order to the general exemption law, or wishes to make an inheritance tax law with more liberal exemptions, it has authority to do so. All we can say is, that in this case, with the facts as presented, the plaintiff is not exempt under existing laws

from payment of the inheritance tax imposed by the Defendant Commissioner.

*Abatement denied.*
*Petition in equity dismissed.*