STANLEY THIRKELL, EX'R.
*vs.*
ERNEST H. JOHNSON, STATE TAX ASSESSOR

. York.   Opinion, June 11, 1954.

*Thomas Walker,* for plaintiff.

*Alexander A. LaFleur,* Attorney General,
*David B. Soule,*
*Boyd L. Bailey,* Assistant Attorneys General for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, TAPLEY, JJ.

WILLIAMSON, J. This petition in equity by the executor of the will of John S. Peabody for abatement of inheritance tax is before us on report from the Probate Court upon an agreed statement of facts. R. S., Chap. 142, Sec. 30 (1944), as amended by P. L., 1947, Chap. 354, Sec. 14.

The issue is whether an unconditional gift by will to a Masonic lodge is exempt from the inheritance tax under R. S., Chap. 142, Sec. 2 (1944), as amended.

The will reads:

"All the rest, residue and remainder of my estate of every name and nature . . . I give, bequeath and devise to Arundel Lodge No. 76 Ancient Free and Accepted Masons of Kennebunkport, to have and to hold forever."

A tax of $1,609.48 was assessed upon the residuary bequest valued at $16,594.90. Neither valuation nor computation is in dispute.

The executor's main contentions are: first, that Arundel Lodge is a corporation engaged in or devoted to charitable or benevolent work; and second, if not, that the bequest is in trust for or to be devoted to a charitable or benevolent purpose.

Arundel Lodge is a Masonic lodge subject to the Masonic discipline of the Grand Lodge of the State of Maine.

The record includes:

(1) The Masonic charter issued in 1854 by the Grand Lodge of Maine, which is similar to that set forth in *Mac-Donald, Ex'r*. v. *Stubbs*, 142 Me. 235, 49 A. (2nd) 765 (1946).

(2) The corporate charter with the following purposes: "To create and desseminate the principals of friendship and charity and for that purpose to own, lease, buy sell or mortgage real estate or personal property; to accept and receive

gifts and legacies of real estate or personal property," granted in 1928 under R. S., Chap. 62 (1916) (presently R. S., Chap. 50) (1944) entitled "Corporations Without Capital Stock," and providing for the incorporation of Masonic lodges.

(3) The by-laws of Arundel Lodge, and in particular the following:

> "All moneys given or bequeathed to this lodge, not otherwise appropriated by the donor, together with all moneys received from initiates over and above the dues to the Grand Lodge and the expenses account, shall from time to time be paid over to the Board of Trustees to constitute a permanent Charity Fund, to be by said Trustees invested as they may consider most advantageous to the Institution."

(4) The "Constitution and Standing Regulations of the Grand Lodge of Ancient Free and Accepted Masons of the State of Maine."

The nature and purposes of a Masonic lodge have been fully set forth in the *MacDonald* case, *supra,* and it is unnecessary, in our view, to repeat here what may readily be found in that opinion. See also *Bangor* v. *Masonic Lodge,* 73 Me. 428 (1882). A Masonic lodge clearly is both a fraternal and a charitable and benevolent organization. Pecuniary profit is neither an object nor a purpose of its existence.

Arundel Lodge owns a building used exclusively for Masonic purposes. No part of the building is or has been rented. In this respect the case differs from the *MacDonald* case, in which it appeared that the income of the lodge came in part from the rental of a portion of the lodge building.

The testator was admitted to the Arundel Lodge in 1907, was a member in good standing at the time of his death in 1952, was active in the affairs of the lodge during the

entire period of his membership, signed the by-laws when admitted, and was familiar with them.

The exempting statute, R. S., Chap. 142, Sec. 2, Subsec. II (1944), as amended by P. L., 1949, Chap. 86, reads in part as follows:

" . . .

"All property which shall pass to or for the use of

1) "societies, corporations, and institutions now or hereafter exempted by law from taxation, or to

2) "a public corporation, or to

3) "any society, corporation, institution, or association of persons engaged in or devoted to any charitable, religious, benevolent, educational, public, or other like work, pecuniary profit not being its object or purpose, or to

4) "any person, society, corporation, institution or association of persons in trust for or to be devoted to any charitable, benevolent, educational, or public purpose, or the care or maintenance of cemeteries, cemetery lots, or structures therein or thereon, by reason whereof any such person or corporation shall become beneficially entitled, in possession or expectancy to any such property or the income thereof,

"shall be exempted;. . . ."

For convenience in reference we have numbered the clauses.

The executor concedes that Arundel Lodge is neither a corporation "exempted by law from taxation," nor a "public corporation," under the first or second clauses of the statute. The case turns, therefore, upon the meaning and application of the third and fourth clauses.

Before turning to the claimed grounds of exemption, we consider the argument of the executor that the burden of

proof is upon the tax assessor to establish that the bequest was taxable and not upon the executor to show exemption. In the *MacDonald* case, *supra,* at Page 239, the rule is found in clear unmistakable language.

"The very word 'exemption' indicates a freedom from duties and charges to which others are subject. The burden of proving that a particular legacy is exempt is on the one who claims that it is free from the usual obligation. 'Taxation is the rule and exemption the exception.' *Auburn* v. Y.M.C.A., 86 Me. 244, 247, 29 A. 992, 993; *Park Association* v. *Saco,* 127 Me. 136, 142 A. 65; *Camp Associates* v. *Inhabitants of Lyman,* 132 Me. 67, 70, 166 A. 59."

The executor points out that the cases cited in the *MacDonald* case involved exemption from the general property tax and not from the inheritance tax. He directs our attention to the rule of liberal construction of the statute relating to inheritance tax exemption found in *Estate of Lena A. Clark,* 131 Me. 105, 159 A. 500 (1932).

Our court there held that a municipality may be regarded as a charitable institution within the meaning of the then inheritance tax statute granting exemption to charitable institutions for the purpose of receiving and administering a bequest to be expended in the erection of a town hall. Chief Justice Pattangall, speaking for the court in the *Clark* case, *supra,* said at page 113:

"In so holding we are but giving a reasonable interpretation of the obvious intent and spirit of the statute, designed as it was to encourage liberality on the part of those testators whose means permit them to indulge their generosity in the line of promoting the public good by contributing to the cause of religion, education, benevolence and charity."

We find no conflict between the *Clark* and the *MacDonald* cases. The construction of a statute calls for decision upon

its meaning as a rule of law. The burden of proof relates to the finding of facts. Granted that the exemption statute be liberally construed, it does not follow that the burden of proving exemption from tax is lifted from the one who would benefit therefrom.

To hold in construing a statute that under certain conditions a gift is exempt from tax, does not alter the burden upon the claimant of proving the existence of the operative conditions. Construction of a statute and burden of proof are not one and the same.

Returning to the question of exemption under the third or fourth clauses of the statute, *supra,* we find in essence the case at bar is an extension of the *MacDonald* case. There the gift was in trust for specified purposes; here it is outright without conditions. In the *MacDonald* case the testator gave the residue of a trust estate "to Lafayette Lodge . . . to be held in trust and the annual income from said funds to be used by said Lodge to pay their annual dues to the Grand Lodge of the State of Maine; and any of said income which may not be required for said purpose to be used for the maintenance of the building or buildings which they may occupy." Lafayette Lodge owned the building which it occupied and derived its income from portions of the building and dues of members and "this income is expended for maintenance of building, the general expenses of the fraternal order, the annual dues to the Grand Lodge, and for relief of poor and distressed members or their widows and children."

There is no substantial difference in the nature of the income and expenses of Arundel Lodge and the Lafayette Lodge in the *MacDonald* case. In each instance the income is from dues and possibly other sources, and the expenses are the general expenses of a fraternal order, the annual dues to the Grand Lodge, and expenses for relief and charity. Lafayette Lodge also had both income and expense

from the rented portion of its building. In the *MacDonald* case the court stated that it was not necessary to decide whether the Lafayette Lodge was a charitable corporation "because it (the court) feels that regardless of the corporate status, the purpose of this particular trust is not charitable, and that it is subject to tax." The court further said: "It would not appear to be within legislative intent to say that a corporation might take moneys free of inheritance taxation for the declared purpose of maintaining property subject to taxation, or to relieve individuals of payment of dues incidental to membership."

In the instant case no restrictions whatsoever are placed in the testator's will upon expenditure of the bequest to Arundel Lodge. It may be spent for all proper corporate purposes, including payment of dues to the Grand Lodge and the maintenance of any property which the lodge may own or acquire for its own use or for rental. In brief, Arundel Lodge may spend, insofar as the testator's wishes expressed in his will are concerned, the bequest for precisely the same purposes for which the trust income in the *MacDonald* case may be used. Since the gift to the lodge in trust in the *MacDonald* case was not for charitable purposes, it follows that the gift to Arundel Lodge is likewise not for charitable purposes. Surely the Legislature did not intend that a Masonic lodge could take property outright for purposes not charitable without tax under the third clause of the statute and yet hold a gift in trust for like purposes taxable under the fourth clause.

We are of the view, therefore, that a Masonic lodge is not entitled to exemption from tax upon a gift which may be used for the general expenses of the lodge on the ground that it is a charitable or benevolent institution.

The executor's second contention is that under the fourth clause the gift is in trust for or to be devoted to a charitable or benevolent purpose for the reason that under the by-law

of the Arundel Lodge quoted above it shall become part of a permanent charity fund. The question is whether an unrestricted gift under a will becomes a trust fund for charitable or benevolent purposes by reason of a by-law of the beneficiary organization. Did the testator make this particular by-law, which was known to him and was in force at the time he made his will and at the time he died, a condition of the gift to the lodge? We think not. Whether such a by-law exists depends upon the will of the lodge and not upon the will of the donor.

In our view this by-law has no effect upon the gift insofar as the inheritance tax statute is concerned. The conditions of the gift were established by the testator. They cannot be altered by the beneficiary. In *Levey* v. *Smith*, 103 F. (2nd) 643 (7th C. C. A. 1939), a federal estate tax case, the court said, in words equally applicable to a case under our state inheritance tax statute, at page 646:

> "The right to a deduction depends upon what a testator has willed respecting the use of a legacy and not upon the use which a legatee is willing to make of it."

See also *Delaney* v. *Gardner*, 204 F. (2nd) 855 (1st Cir. 1953).

The difficulties involved in determining the nature and extent of an estate for inheritance tax purposes from the acts of the donee and not from the acts of the donor are readily apparent. In every case it would be necessary to go beyond the purposes of an organization receiving a gift to determine whether or not the gift was charitable or benevolent in nature, and to examine the action of the donee with respect to each gift.

We neither consider nor determine to what extent conditions must be imposed by the donor to give exemption from the inheritance tax. It is sufficient for our purposes that

the donee cannot turn an otherwise taxable into an exempted gift.

The unrestricted gift to the Arundel Lodge is subject to the inheritance tax. The abatement should be denied and petition dismissed.

*Case remanded to Probate Court for decree in accordance with this opinion.*