MERRILL TRUST COMPANY, ET AL.
*vs.*
ERNEST H. JOHNSON, STATE TAX ASSESSOR

Penobscot.   Opinion, February 12, 1963.

*John E. Hess,* for Plaintiffs.

*Ralph W. Farris, Sr.,* for Defendant.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, SIDDALL, MARDEN, JJ.

MARDEN, J.   On report from the Probate Court for Penobscot County upon petition in Equity for the abatement of an inheritance tax.

Henry J. Hart, late of Bangor, Maine died testate on January 12, 1959.   During his lifetime he had made gifts

in excess of $100,000.00 to Brown University, an educational institution incorporated under the laws of and operating in the State of Rhode Island. It is conceded that these gifts may be considered as gifts effective at death. Additionally Mr. Hart by his will bequeathed 5% of his residuary estate to Brown University. This fractional part of his residuary estate is by stipulation slightly under $6,000.00, reflecting a residuary estate of in excess of $100,000.00. The State of Maine Tax Assessor has assessed an inheritance tax upon the property passing both by way of the gifts *inter vivos* and by the residuary bequest to Brown University. It is also conceded that the gifts in both categories stand upon the same footing as relates to the challenged tax.

The tax so assessed was paid under protest and the estate of Mr. Hart petitions for an abatement, contending that such gifts are exempt from inheritance taxation under the provisions of our Chapter 155, Section 2, subsection II, R. S., the pertinent parts of which statute are for convenience abstracted as follows:

"All property which shall pass to or for the use of * * * institutions now or hereafter exempted by law from taxation, or to a public corporation, or to any * * * institution * * * engaged in or devoted to any * * * educational, * * * or other like work, pecuniary profit not being its object or purpose, or to any * * * institution * * * in trust for or to be devoted to any * * * educational * * * purpose, * * * shall be exempted; * * * ;

(A) (this subdivision identity added) provided further, that if such * * * institution * * * be organized or existing under the laws of a * * * state of the United States, other than this state, * * * all property transferred to said * * * institution * * * shall be exempted, if at the date of decedent's death the said state * * * under the laws of which said * * * institution * * * was

organized or existing did not impose a legacy or succession tax or a death tax of any character, in respect of property passing to or for the use of such * * * institution * * * organized or existing under the laws of this state, or

(B) (this subdivision identity added) if at the date of decedent's death the laws of the state * * * under which said * * * institution * * * was organized or existing, contained a reciprocal provision under which such passing of property to said * * * institution * * * organized or existing under the laws of another state * * * shall be exempt from legacy or succession or death taxes of every character, providing such other state * * * allowed a similar exemption to such a * * * institution * * * organized or existing under the laws of another state * * * ."

The report further concedes that Brown University is an institution of the type which qualifies for exempt treatment under our statute, abstracted above, provided that the laws of Rhode Island satisfy the conditions therein imposed.

We paraphrase our abstracted statute for application to this case. Property passing to Brown University from a Maine decedent shall be exempted from inheritance taxation by Maine if at the date of decedent's death, the State of Rhode Island did not impose a legacy or succession tax or a death tax of any character in respect of property passing from a Rhode Island decedent to a similarly otherwise qualified college in Maine, or if at the date of decedent's death the laws of Rhode Island contained a reciprocal provision under which such passing of property from a Rhode Island decedent to an otherwise qualified college in Maine, should be exempt from legacy or succession or death taxes of every character, provided the laws of Maine allowed a similar exemption to Brown University.

The report agrees that the Hart benefits to Brown University are exempt from taxation if those gifts qualify for

exemption under the so-called specific charitable exemption under the provisions of our statute, subdivision (A) as we have identified it above, or if the laws of the State of Rhode Island satisfy the conditions imposed by our statute, subdivision (B) as we have identified it above, under what may be termed a "reciprocal" exemption.

Rhode Island law (on January 12, 1959) declared that:

"A tax shall be and is hereby imposed upon the transfer of the net estate of every resident or non-resident decedent, as hereinafter ascertained, as a tax upon the right to transfer. Such tax shall be imposed at the rate of one per centum upon the excess value of each said estate over ten thousand dollars * * * ." Title 44, Chapter 22, Section 1, Rhode Island General Laws.

The report stipulates that for purposes of computing the size or value of such net estate, gifts to charities, wherever located, are included.

The defendant urges that this Rhode Island law nullifies the exemptions offered by the Maine statute and that the reference gifts to Brown University are subject to Maine inheritance tax.

Expressed in terms of the Maine and Rhode Island statutes, is the tax upon the "right to transfer" imposed by Section 1 of Chapter 22, Title 44, Rhode Island General Laws, "a legacy or succession tax or a death tax of any character, in respect of property passing to or for the use of" a Maine institution, otherwise qualified as is Brown University in Rhode Island, from a Rhode Island decedent (relative the specific charitable exemption) ; or in spite of the Rhode Island tax on the right to transfer, above referred to, does Rhode Island exempt "from legacy or succession or death taxes of every character" on "such passing of property" to an otherwise qualified Maine college providing the laws of Maine allow a similar exemption to

Brown University (relative the so-called reciprocal exemption)?

It is not urged by the defendant that the Rhode Island law imposes a legacy or succession tax as such upon the right of a qualified Maine institution to receive property under the will of a Rhode Island decedent. The controversy centers upon the significance of the phrase "death tax of any character," appearing in clauses (A) and (B) as we have identified them. We can agree with the Hart estate that the transfer tax imposed by Section 1, Chapter 22, Title 44, General Laws of Rhode Island is not a tax on property. It is by its terms a tax upon the right to transfer as to which Maine law has no counterpart. Both Maine and Rhode Island have declared that an inheritance or succession tax is not a tax on property, but is a tax on the privilege of receiving property. *MacDonald, Executor* v. *Stubbs,* 142 Me. 235, 240; 49 A. (2nd) 765; *Old Colony Trust Co.* v. *McGowan,* 156 Me. 138, 143; 163 A. (2nd) 538; *Hazard* v. *Bliss,* 43 R. I. 431; 113 A. 469, 471 (under headnotes 1, 2).

Our statutory phrase "death tax of any character" is obviously very broad, and the phrase "death tax" has been held to cover all forms of taxes based upon death. *Matthews* v. *Jones* (Texas 1952), 245 S. W. (2nd) 974, 977 (under headnote 2).

While the Texas case was dealing with the term "death duty" the word duty there used is synonymous with tax. Webster's Third New International Dictionary "duty" paragraph 4 (a).

We are seeking here also to determine the meaning of the more complete phrase, "death tax of any character, in respect of property passing to or for the use of" a given beneficiary.

No case has been called to our attention nor have we discovered anywhere the phrase "in respect of property passing to or for the use of" has been judicially defined and we must interpret the phrase as justified by the use of the words established by Webster's dictionary.

"Of": A preposition defined as "having to do with"; "relation to"; "pertaining to"; "with reference to"; "concerning"; "about", — in this case property passing to or for the use of an educational institution. Webster's New World Dictionary (College Ed. 1960) subparagraph 7; Webster's Third New International Dictionary 1961 subparagraph 11.

"Respect": An intransitive verb, "To have regard or reference to"; "relate to." Webster's Third New International Dictionary, subparagraph 4.

"In respect of": "With reference to"; "as regards." Webster's New World Dictionary, above under "respect."

It would appear, to again paraphrase, that our question then becomes whether the tax on the right to transfer imposed by Rhode Island law is or is not "a death tax of any character" having to do with, relating to, pertaining to, with reference to, property passing to or for the use of an otherwise qualified Maine educational institution.

We must conclude that as applied to the facts in this case the tax so imposed is a death tax and is a tax of a character having to do with and pertaining to any and all property which passes through a net estate in excess of $10,000.00 from a Rhode Island decedent to an otherwise qualified Maine college. In spite of semantics any residuary bequest to a Maine educational institution, by its nature otherwise qualified, through a net estate in excess of $10,000.00 of a Rhode Island decedent is invaded and depleted by the Rhode Island transfer tax under discussion. The gifts *inter vivos* and bequest here are in fact taxed, though indirectly, and

though the impact of the tax is borne by the residuary estate.

Reciprocity, and we here use the word in its ordinary sense as distinct from the special meaning assigned it as applied to "exemption" *supra,* in fact is the test which we adopt. This test which has been adjudicated in reverse situations is recognized in *Platt* v. *Wagner* (Pa. 1943) 31 A. (2nd) 499, 502 (under headnote 2) ; *In re Uihlein's Estate* (Wis. 1945), 247 Wis. 476; 20 N. W. (2nd) 120; *McNaughton* v. *Newport* (Idaho 1946), 170 P. (2nd) 601.

It follows, therefore, that as applied to the facts here the State of Rhode Island neither grants a specific charitable exemption, nor does it satisfy the demands of our so-called reciprocal exemption expressed in Chapter 155, Section 2, subsection II, R. S.

We have no occasion to consider the "similarity" of any alleged mutual exemptions. However, see *McLaughlin, Tax Commissioner* v. *Poucher* (Conn. 1941), 127 Conn. 441; 17 A (2nd) 767, 769, 770 (under headnotes 5, 6).

> "The burden of proving that a particular legacy is exempt is on the one who claims that it is free from the usual obligation. 'Taxation is the rule and exemption the exception.' " *MacDonald, Executor* v. *Stubbs,* 142 Me. 235, 239; 49 A. 2d. 765; followed in *Thirkell, Executor* v. *Johnson,* 150 Me. 131, 135; 107 A. 2d. 489.

The tax imposed on the gifts to Brown University by the defendant is valid.

*Abatement denied.*