STATE OF MAINE

LINCCOLN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-003
$\mathcal{D} \mathcal{H} M - L I N - 12/0/$

WENDALL R. STEPHENSON
and STEPHANIE L. STEPHENSON,

RECEIVED AND FILED
LINCOLN COUNTY SUPERIOR COURT

DEC 1 0 2004

SHARON SIMPSON
CLERK

Plaintiffs/Appellants

v.

INHABITANTS OF THE TOWN
OF BRISTOL,

Defendant/Appellee

**DECISION AND ORDER**

DEC 27 2004

This matter is before the court on plaintiffs' M.R. Civ. P. 80B complaint seeking judicial review of a decision of the Lincoln County Commissioners denying their request for abatement and affirming the decision of the Town of Bristol Tax Assessor.

Plaintiffs, Wendell and Stephanie Stephenson own a one-quarter acre lot in a floodplain at the narrow point of a peninsula that fronts on both Pemaquid Harbor and Johns Bay. This lot has been designated "unbuildable" by the property assessors of the Town of Bristol ("Town"). Prior to 2003 the property was assessed for $74,900.00. For tax year 2003 the valuation was increased to $168.500.00 by the application of a multiplication factor of 2.25 that was applied by the town to all shorefront property.

Plaintiffs disputed this assessment and sought abatement from the Town assessors citing four grounds in an application dated July 11, 2003. This abatement was denied by the Town on July 18, 2003. Plaintiffs timely appealed the decision of the town to the Lincoln County Commissioners on three grounds.[1]

---

[1] 1) Property over assessed relative to market value; 2) Property over assessed relative to similar properties and 3) 225% formula to all ocean front land should not have been applied to this unbuildable lot.

As part of the evidence presented to the Commissioners, plaintiffs offered an appraisal by the Paton Agency inc. setting the value of their lot at $75,000.00. The Lincoln County Commissioners held a hearing on November 18, 2003 and issued a Decision and Order denying the abatement on January 6, 2004. Plaintiffs timely appealed to this court pursuant to M.R. Civ. P. 80B averring that the assessment violates Art. IX, §8 of the Maine Constitution and the requirements of 36 M.R.S.A. § 701-A.[2]

On appeal, this court independently examines the record and reviews the decision of the municipality for "error of law, abuse of discretion, or findings not supported by substantial evidence in the record." *Yates v. Town of Southwest Harbor*, 2001 ME 2, ¶ 10, 763 A.2d 1168, 1171 (citing *Sproul v. Town of Boothbay Harbor*, 2000 ME 308, 746 A.2d 368, 372. The substantial evidence standard requires the court to examine the entire record "to determine whether on the basis of all the testimony and exhibits before the [board] it could fairly and reasonably find the facts as it did." *Ryan v. Town of Camden*, 582 A.2d 973, 975 (Me. 1990) (quoting *Seven Islands Land Co. v. Maine Land Use Regulation Comm.*, 450 A.2d 475, 479 (Me. 1982)).

The court is not permitted to "make findings independent of those explicitly or implicitly found by the board or [to] substitute its judgment for that of the board." *Perrin v. Town of Kittery*, 591 A.2d 861, 863 (Me. 1991). "The board's decision is not wrong because the record is inconsistent or a different conclusion could be drawn from it." *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1995). To prevail, the plaintiff

---

[2] In relevant part:

In the assessment of property, assessors in determining just value are to define this term in a manner that recognizes only that value arising from presently possible land use alternatives to which the particular parcel of land being valued may be put. In determining just value, assessors must consider all relevant factors, including without limitation, the effect upon value of any enforceable restrictions to which the use of the land may be subjected, current use, physical depreciation, sales in the secondary market, functional obsolescence and economic obsolescence. Restrictions include but are not limited to zoning restrictions limiting the use of land, subdivision restrictions and any recorded contractual provisions limiting the use of lands. The just value of land is determined to arise from and is attributable to legally permissible use or uses only.

must show "not only that the board's findings are unsupported by record evidence, but also that the record compels contrary findings." *Total Quality v. Town of Scarborough*, 588 A.2d 283, 284 (Me. 1991).

On appeal only one issue is before this court – whether application of a 2.25 factor to all shorefront lots, regardless of status, results in an unfair, unequal assessment of plaintiffs "unbuildable" property.

The controlling statute regarding just valuation, 36 M.R.S.A. § 701-A (*see* f.n. 2), requires that assessors are to "define this term in a manner that recognizes only that value arising from presently possible land use alternative to which the particular parcel of land may be put." *Id.* Plaintiffs assert that the assessors of Bristol failed to do this because they did not sufficiently recognize that "unbuildable" lots are unique and so dissimilar to other shorefront properties that the same 2.25 factor should no be applied.

The town answers this argument by asserting that the dissimilarity of unbuildable lots has very much been recognized in the town's assessing formula by reducing the valuation of these lots by 50% before applying the 2.25 factor.

Plaintiff responds to this averment by arguing that the 50% formula itself is inherently inconsistent and the failure of the town to make further adjustments in the 2.25 factor formula fails to take the specific circumstances of this lot into account in valuation and therefore yields an unjust, unequal and excessive valuation of $168.500.

Plaintiff notes that the Law Court has stated:

[A]n assessment must incorporate two concepts: (1) "the property must be assessed at its fair market value"; and (2) "the assessed value must be equitable, that is, the property must be assessed at a relatively uniform rate with comparable property in the district."

*Yusem v. Town of Raymond*, 2001 ME 61, ¶ 9, n.6, 769 A.2d 865, 870.

That same court also stated:

> To meet the initial burden of showing that the assessment was manifestly wrong, the taxpayer must demonstrate that (1) the judgment of the assessor was irrational or so unreasonable in light of the circumstances that the property was substantially overvalued and an injustice resulted; (2) there was unjust discrimination; or (3) the assessment was fraudulent, dishonest, or illegal.

*Id.* Citing, *Muirgen Props., Inc. v. Town of Boothbay,* 663 A.2d 55, 58 (Me. 1995).

Plaintiffs point to the Paton assessment as evidence of the irrational outcome of the assessor's valuation process. Anticipating variation in a process freighted with opinion, the Law Court has stated that "[n]either the Constitution nor the statutes expect that a Board of Assessors could make an assessment with all values so exact that no "expert" could disagree with them." *Sears, Roebuck v. Presque Isle et al.,* 150 Me. 138, 107 A.2d 475, 479 (1954). Two decades later the Law Court affirmed an appeal of Town of Skowhegan assessors denial of an abatement to a local shopping center by citing another case from 1954, *Cumberland County Power and Light Company v. Inhabitants of the Town of Hiram,* 125 Me. 138, 140, 131 A. 594, 595 (1954),[3] for the proposition that "A presumption as to the good faith and conformity to the requirements of the law attaches to assessor's work." *Frank v. Assessors of Skowhegan,* 329 A.2d 167, 171 (Me. 1974).

Plaintiffs have not shown any evidence of fraud dishonesty, illegality or discrimination. Their claim of unjust, unequal or excessive valuation must rest on the irrationality or unreasonableness of the assessor's formulas. Defendants assert that the assessors have employed a rational methodology to deal with the unprecedented increase in the value of shorefront properties.

Plaintiffs do not argue against the use of any formula employing a multiplying factor and specifically do not object to the 50% decrease in their valuation under step

---

[3] The *Sears, Roebuck* court, like the *Cumberland County Power* court, reviewed the decisions of the assessors directly. *Frank v. Assessors of Skowhegan* was also appealed directly to the Superior Court pursuant to 36 M.R.S.A. § 845 (repealed by Laws 1977, c. 694, §§ 694 to 697, eff. July 1, 1978), where a Referee's report was accepted by the court over defendant's objection. *Frank v. Assessors of Skowhegan,* 329 A.2d 167, 169 (Me. 1974).

one of the formula actually employed in their case. Plaintiffs in essence disagree with the outcome of the 2.25 factor as applied to them. They have not, however, supplied evidence of unreasonableness or irrationality required to overcome the "presumption of good faith and conformity" attached to the assessor's work.

The record reveals that the plaintiffs have supplied an exhibit which illustrates the Town's tax year 2003 factoring. The distinctions are based upon types of buildings, oceanfront land, lots across road from ocean, second lots back of shore lots, and all other lots. With the factoring is an exhibit displaying sales ratios comparing old value versus most recent sale with new value to most recent sale. This ratio analysis is asserted by the Town as the basis of its 2.25 factoring of shorefront property. While the exhibit does not show and there was no testimony before the Commissioners to explain, the process by which the data were utilized to arrive at a 2.25 factor, the plaintiffs have offered no evidence to show that the *method* (emphasis supplied) is unreasonable or irrational.

The entry will be:

Decision and Order of the Commissioner's Court of the County of Lincoln Tax Abatement Hearing No. Tab 03-07 dated January 6, 2004, is AFFIRMED.

Dated: December____8____, 2004

Donald H. Marden
Justice, Superior Court

**Pltffs:**
**Roger Therriault, Esquire**

**Defendants:**
**Ervin Snyder, Esquire**